## Appeal of P. FRANK DURKIN.

Docket No. 3644.    Decided August 4, 1926.

The superintendent of the Bureau of Water of the City of Syracuse is exempt from income tax upon the salary received by him as such superintendent during the years 1922 and 1923, under section 1211 of the Revenue Act of 1926.

*Neal Brewster, Esq.*, for the petitioner.
*Ellis W. Manning, Esq.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax for the years 1922 and 1923 in the amount of $427.36, the

deficiency arising from the addition to the net income reported by the taxpayer of the salary received by him as an employee of the City of Syracuse, N. Y.

### FINDINGS OF FACT.

During the years 1922 and 1923, the taxpayer was superintendent of the Bureau of Water of the City of Syracuse, and as such superintendent received a salary for the year 1922 of $3,600, and for the year 1923 of $4,000. In his individual income-tax return for 1922 and 1923, the taxpayer failed to include in his gross income the salary received by him as such superintendent. The Commissioner has amended his income-tax returns for those years by adding to the net income reported the salary received by him as superintendent, and the deficiency in tax results solely from such addition to the net income reported.

Section 94 of the Second Class Cities Law of the State of New York provides that, in case a city of the second class in that State owns or operates a system of municipal water works, the Commissioner of Public Works shall appoint, to hold office during his pleasure, a superintendent of water works, who shall have, under the direction of the Commissioner, the supervision, care, management and control of the water department and water works system of the city. The above-mentioned section provides:

It shall be the duty of the Commissioner of Public Works to see that the city has an abundant supply of pure and wholesome water for public and private use; to devise plans and sources of water supply; to plan and supervise construction, maintenance and extension of water system and distribution of water throughout the city; to protect it from contamination; to prescribe rules and regulations for its use, which, when ratified and approved by the common council, shall have the same force and effect as city ordinances.

The water system of the City of Syracuse was put in operation pursuant to the above-mentioned section of the Second Class Cities Law and was so operated during the years 1922 and 1923. Warrants for the payment of salary to the taxpayer for the years 1922 and 1923 were charged against the Bureau of Water salaries, as provided in the annual budget. These salaries were paid from funds raised by taxation.

### OPINION.

SMITH: The taxpayer, who was superintendent of the Bureau of Water of the City of Syracuse, N. Y., during the years 1922 and 1923, did not include in the gross income shown in his income-tax returns for those years the salary received by him as such superintendent. He did not do so under the belief that he was an official or

employee of the City of Syracuse, and that as such official or employee he was exempt from income tax in respect of the salary received. The Commissioner disallowed the deduction under a ruling contained in Internal Revenue Bulletin No. 35, of September 1, 1924, entitled S. M. 2232.

We are satisfied from the evidence in the case that the taxpayer was an employee of the City of Syracuse, N. Y., and that the amounts received by him were compensation for personal services rendered to that city during the years 1922 and 1923. Section 1211 of the Revenue Act of 1926 provides:

Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.

In view of this provision of law, it must be held that the taxpayer is exempt from income tax in respect of his salary received from the City of Syracuse.

*Judgment for the petitioner.*