*744 OPINION.
Smith:
The taxpayer, who ivas superintendent of the Bureau of Water of the City of Syracuse, N. Y., during the years 1922 and 1923, did not include in the gross income shown in his income-tax returns for those years the salary received by him as such superintendent. He did not do so under the belief that he was an official or *745 employee of the City of Syracuse, and that as such official or employee he was exempt from income tax in respect of the salary received. The Commissioner disallowed the deduction under a ruling contained in Internal Revenue Bulletin No. 35, of September 1, 1924, entitled S. M. 2232.
We are satisfied from the evidence in the case that the taxpayer was an employee of the: City of Syracuse, N. Y., and that the amounts received by him were compensation for personal services rendered to that city during the years 1922 and 1923. Section 1211 of the Revenue Act of 1926 provides:
Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.
In view of this provision of law, it must be held that the taxpayer is exempt from income tax in respect of his salary received from the City of Syracuse.

Judgment for the ‘petitioner.