HOWARD WEBSTER BYERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10319.    Promulgated November 4, 1927.

EXEMPT INCOME.—During the years under consideration the petitioner held by appointment a position as attorney and counsel for the Des Moines board of waterworks trustees at a fixed annual salary. *Held,* that his compensation was that of an officer or employee of a State or municipal subdivision thereof and was so exempt from income taxes.

*C. L. Byers, Esq.,* for the petitioner.
*Arthur H. Murray, Esq.,* for the respondent.

The petitioner has complained of deficiencies in income taxes for the years 1920 to 1923, inclusive, in the aggregate amount of $758.27, and alleges that the Commissioner has erroneously added to petitioner's gross income for such years amounts received by him as attorney and counsel for the board of waterworks trustees of the city of Des Moines, Iowa.

FINDINGS OF FACT.

Under the provisions of acts of the Legislature of the State of Iowa and ordinances of the city of Des Moines, there was created and established in the said city of Des Moines in the latter part of the year 1919, a board of waterworks trustees, and pursuant

to State and municipal legislation the said board acquired a plant for the purpose of furnishing water for the use of people of Des Moines and the said plant and its equipment thereupon became a municipally owned property.

During all the times herein mentioned the petitioner was a lawyer engaged in the practice of his profession in the city of Des Moines.

On March 10, 1920, the board of waterworks trustees, at a regular session, adopted a resolution as follows:

On motion of Mr. Wilchinski, seconded by Mr. Worth, it was RESOLVED that Mr. H. W. Byers, Counsel for the City, be and is hereby retained as the Legal Counsel for the Board of Waterworks Trustees, at a compensation of $2,500.00 for the year beginning April 1, 1920; it being understood that the compensation will be allowed on the same basis for the month of March, 1920. The motion was unanimously adopted.

The petitioner accepted the arrangement provided for by such resolution and during the years 1920 to 1923, inclusive, received compensation as follows:

| | |
|---|---|
| For the year 1920 | $2,674.65 |
| For the year 1921 | 2,500.00 |
| For the year 1922 | 2,500.00 |
| For the year 1923 | 2,083.30 |

The petitioner, acting under advice and in confident belief that the compensation thus received by him was exempt from income tax, omitted these amounts from his individual income-tax returns for the several years. The Commissioner added these respective amounts to petitioner's income for each of the years claimed and thus produced the deficiencies complained of.

### OPINION.

TRUSSELL: It is well settled that compensation of officers and employees of States and municipal subdivisions thereof is exempt from the Federal income tax. And, while this principle has become the settled law of the land, difficulties and uncertainties arise in determining who are officers and employees of States and municipal subdivisions thereof. That is the issue in the instant case.

Chapter 288 of Laws of the 38th General Assembly of the State of Iowa granted to certain cities the power to own, construct, acquire, and maintain and operate waterworks within their corporate limits and authorized such cities to appoint the directors of waterworks trustees who should have supervision over and be responsible to the city council of all details of administration and operation of such waterworks.

In September, 1919, the city council of the city of Des Moines enacted an ordinance by which it adopted—

A plan for the management of the waterworks and creating and establishing a board of waterworks trustees, providing for the appointment of the members thereof, fixing their terms of compensation, describing the powers and duties of such board * * *.

And, in section 3 of said ordinance it was provided that such board of waterworks trustees shall have general supervision over the waterworks and be responsible to the city council for all details of administration and operation of such waterworks. It shall immediately after its organization make and prescribe all the necessary rules for the government and operation of such waterworks. It shall employ a general manager and treasurer and such accountants and assistants as may be necessary in the conduct of the business incident to the operation of the waterworks, and they shall hold office at the pleasure of the board.

Pursuant to this legislation the said board of waterworks trustees adopted the resolution set out in the findings of fact for the purpose of employing the petitioner in the capacity of counsel and general advisor. The petitioner accepted such employment and continued to hold said appointment during all the years here under consideration.

We are of the opinion that the petitioner thus became and continued to be an employee of the political subdivision of the State of Iowa, that the compensation which he received for services rendered to the board of waterworks trustees of the city of Des Moines is exempt from income taxes. *John E. Mathews*, 8 B. T. A. 209; *P. Frank Durkin*, 4 B. T. A. 743. There are no deficiencies for the years 1920 to 1923, inclusive.

*Judgment of no deficiency will be entered.*

Considered by LITTLETON, SMITH, and LOVE.