*1144 OPINION.
Littleton:
It is contended by the executrix that Arnold W. Brun-ner was an officer or an employee of the Commonwealth of Pennsylvania and the municipalities of New York and Albany, N. Y., and Cleveland, Ohio, and that compensation received by him from such States and municipalities was exempt from Federal taxation.
In the opinion of the Board the decedent was not an officer or employee of the Commonwealth of Pennsylvania or the municipalities of New York and Albany, N. Y., within the meaning of the statute and decisions of the courts that compensation of officers or employees of States and municipalities is not subject to Federal income tax. The decedent was not a part of the regular governmental force of the Commonwealth of Pennsylvania or the municipalities of New York and Albany. He was an independent contractor and his rights, duties, and compensation were fixed by the contracts. The case of Metcalf & Eddy v. Mitchell, 269 U. S. 514, involved the question whether compensation received by consulting engineers *1145 under contracts with certain municipalities was taxable under the provisions of the Revenue Act of 1917. The court said (p. 519):
We think it clear that neither of the plaintiffs in error occupied any official position in any of the undertakings to which their writ of error in No. 183 relates. They took no oath of office; they were free to accept any other concurrent employment; none of their engagements was for work of a permanent or continuous character; some were of brief duration and some from year to year, others for the duration of the particular work undertaken. Their duties were prescribed by their contracts and it does not appear to what extent, if at all, they were defined or prescribed by statute. ■ We therefore conclude that plaintiffs in error have failed to sustain the burden cast upon them of establishing that they were officers of a state or a subdivision' of' a state within the exception of § 201 (2).
At page 524 the court further stated:
* * * But here the tax is imposed on the income of one who is neither an officer nor an employee of government and whose only relation to it is that of contract, under which there is an obligation to furnish service, for practical purposes not unlike a contract to sell and deliver a commodity. The tax is imposed without discrimination upon income whether derived from services rendered to the state or services rendered to private individuals. In such a situation it cannot be said that the tax is imposed upon an agency of government in any technical sense, and the tax itself cannot be deemed to be an interference with government, or an impairment of the efficiency of its agencies in any substantial way. Railroad Co. v. Peniston; Gromer v. Standard Dredging Co.; Baltimore Shipbuilding Co. v. Baltimore; Fidelity & Deposit Co. v. Pennsylvania; Choctaw, O. & G. R. R. Co. v. Mackey, supra.
As was said by this Court in Baltimore Shipbuilding Co. v. Baltimore, supra, in holding that a state might tax the interest of a corporation in a dry dock which the United States had the right to use under a contract entered into with the corporation:
“ It seems to us extravagant to say that an independent private corporation for g£#n, created by a State, is exempt from state taxation either in its corporate person, or its property, because it is employed by the United States, even if the work for which it is employed is important and takes much of its time.” (p. 382.) [25 Sup. Ct. 52.]
And as was said in Fidelity & Deposit Co. v. Pennsylvania, supra, in holding valid a state tax on premiums collected by bonding insurance companies on surety bonds required of United States officials:
“ But mere contracts between private corporations and the United States do not necessarily render the former essential government agencies and confer freedom from state control.” (p. 323.) [36 Sup. Ct. 300.]
These statements we deem to be equally applicable to private citizens engaged in the general practice of a profession or the conduct of a business in the course of which they enter into contracts with government from which they derive a profit. We do not suggest that there may not be interferences with such a contract relationship by means other than taxation which are prohibited. Railroad Co. v. Peniston, supra, at p. 36, recognizes that there may. Nor are we to be understood as laying down any rule that taxation might not affect agencies of this character in such a manner as directly to interfere with the *1146 functions of government and thus be held to be void. See Railroad v. Peniston, supra, page 36; Farmers Bank v. Minnesota, supra, p. 522; Choctaw & Gulf Railway Co. v. Harrison, supra, p. 272.
But we do decide that one who is not an officer or employee of a state, does not establish exemption from federal income tax merely by showing that his income was received as compensation for service rendered under a contract with the state; and when we take the next step necessary to a complete disposition of the question, and inquire into the effect of the particular tax, on the functioning of the state government, we do not find that it impairs in any substantial manner the ability of plaintiffs in error to discharge their obligations to the state or the ability of a state or its subdivisions to procure the services of private individuals to aid them in their undertakings. Cf. Central Pacific Railroad v. California, 162 U. S. 91, 126 [16 Sup. Ct. 766; 40 L. Ed. 903].
In the opinion of the Board the facts in this appeal, so far as it relates to the compensation received by the decedent from the Commonwealth of Pennsylvania and New York and Albany, N. Y., bring it within the decision of the court in Metcalf & Eddy v. Mitchell, supra. The Commissioner’s determination in this regard is therefore approved. See, also, Lyons v. Reinecke, 10 Fed. (2d) 3.
As to the compensation received by the decedent from the City of Cleveland, Ohio, a different situation exists. On June 20, 1902, he was appointed and commissioned by the Governor of Ohio as a member of the Board of Supervisors in the Erection of Public and Municipal Buildings in Cleveland, Ohio. ' This was a statutory office which he held subject to the pleasure of the Governor. He held this office and performed the duties thereof from 1902 to and including 1920.
It was not in his individual or private capacity that he performed the duties of the office as a member of the Board of Supervisors. He was not a contractor to perform work for the municipality. His rights, duties, habiliments, and emoluments of office were fixed and prescribed by statute and the commission of the Governor under authority of the constitution of the State.
When the decedent was commissioned as a member of the Board of Supervisors he became an instrumentality of the municipality in the performance of its governmental duties in the general administration of affairs incident to every state or municipal government. States and municipalities, like other corporate bodies, can act and perform their functions only through their duly authorized agents, and one who holds an office such as this decedent held, barren of any contractual relation, his acts in the discharge of his duties are the acts of the State or municipality in the performance of those functions, upon which the Federal Government may not place a burden through taxation. The nature of the decedent’s relation to the municipality of Cleveland was not changed by the fact that the duties of the *1147 office were not so arduous as entirely to preclude the carrying on generally by him of his profession as an architect.
We think the decedent was an agency through which the municipality immediately and directly exercised its sovereign powers; that he was so intimately connected with the exercise of power and the performance of a public duty by the municipality as to bring him within the purview of those decisions holding that the Federal Government may not tax the instrumentalities of a State or a subdivision thereof, and that, as such instrumentality, his income, to the extent that it was derived from such source, was immune from taxation. Section 201 (a) of the Revenue Act of 1917 and section 1211 of the Revenue Act of 1926.
Judgment will he entered on 15 days’ notice, voider Bule 50.