UNION PAVING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 803.  Promulgated March 15, 1927.

1. Petitioner is engaged under contracts in constructing and maintaining streets and highways in the Commonwealth of Pennsylvania and political subdivisions thereof. *Held,* that profits from such contracts should be included in taxable income.

2. Petitioner is required by its contracts to maintain for a fixed period all roads and streets which it constructs. It set apart on its books in the taxable year an amount which it designated as "Prepaid Maintenance." During such year it actually expended a much smaller sum for maintenance. *Held,* that the "Prepaid Maintenance" fund should be included in taxable income and that the amount actually expended for maintenance should be deducted therefrom as ordinary and necessary expense.

3. Commissioner's readjustment of invested capital by increasing reserve for depreciation not disturbed.

*Joseph A. Lamorelle, Esq.,* and *Walter Biddle Saul, Esq.,* for the petitioner.

*M. N. Fisher, Esq.,* for the respondent.

The Commissioner has asserted a deficiency in income and profits taxes for the year 1918 in the amount of $5,758.58. Three issues are involved: (1) Whether income derived from contracts with States or political subdivisions thereof is taxable by the United States; (2) refusal of Commissioner to allow a deduction from income on account of alleged prepaid charges for maintenance of paving; and (3) the Commissioner's reduction of the invested capital of the petitioner by an alleged arbitrary addition to depreciation reserve of plant and equipment at December 31, 1916.

### FINDINGS OF FACT.

The petitioner is a Delaware corporation with its principal office at Philadelphia, Pa. It was organized in 1912. Its only business in 1918 was paving roads and streets for the Commonwealth of Penn-

sylvania and municipal subdivisions thereof, and maintaining the same. It keeps its books and makes its income and profits-tax returns on the accrual basis. All work is done on contracts secured by bidding in competition with other parties engaged in the same business.

The petitioner's contracts specify fixed amounts as compensation and such amounts are usually received in full at or soon after the completion and acceptance of each job. A condition of each contract is that the petitioner must make all necessary repairs for an agreed term, usually three but in some instances for five or more years, and that the streets and roads shall be in good condition at the end of such period. To provide for a maintenance fund the petitioner sets up on its books an account in amounts equal to one cent per square yard of surface paved. During the year 1918 it charged this account with the amount of $19,476.56, and in the same year it discharged its maintenance obligations at a cost of $4,184.40.

Plant and equipment, including trucks and automobiles, were acquired by the petitioner at various times between the date of incorporation and December 31, 1917. Depreciation was accounted for on the books and in income and profits-tax returns in such manner as in the best judgment of the petitioner represented the actual asset values at the close of each year. The books are not in evidence. The total cost of plant and equipment and the total amount of depreciation written off are not disclosed by the record.

Upon audit of the petitioner's income and profits-tax returns for 1918 the Commissioner disallowed the amount of $19,476.56, set up as a reserve for liability under maintenance contracts, as a deduction from gross income and allowed the amount of $4,184.40, readjusted invested capital by increasing accrued depreciation in the amount of $73,829.02, made other adjustments of income and invested capital not in question here and asserted the deficiency in controversy.

OPINION.

LANSDON: During the taxable year the petitioner was engaged solely in the business of paving and patching streets and roads under contracts with the Commonwealth of Pennsylvania and certain municipal subdivisions thereof. It contends that, as this work was done for a State and the political subdivisions thereof, it is exempt from Federal taxation since it was income resulting from the discharge of governmental functions. It is now well established that the salaries of persons acting as officers of a State or a political subdivision thereof in the discharge of its governmental functions are not subject to Federal taxation. The petitioner, however, was not an offi-

cial or even a salaried employee of the Commonwealth of Pennsylvania or any of its political subdivisions during the taxable year. The petitioner's contention on this point can not be allowed. *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514; *Appeal of Robert G. Gordon*, 5 B. T. A., 1047; *Appeal of Emma B. Brunner*, 5 B. T. A. 1135.

The petitioner set apart the amount of $19,476.56, received on contracts completed in 1918, as prepaid cost of maintenance, and did not include such amount in its taxable income in its income and profits-tax return for such year. The Commissioner properly added this amount to income and properly deducted actual cost of maintenance for such year from taxable income as ordinary and necessary expense. *Appeal of Consolidated Asphalt Co.*, 1 B. T. A. 79; *Appeal of Uvalde Co.*, 1 B. T. A. 932; *Appeal of Chapin Construction Co.*, 3 B. T. A. 25.

The Commissioner reduced the petitioner's invested capital in the amount of $73,829.02 by increasing the accrued depreciation of the petitioner's assets at December 31, 1917. The petitioner alleges that it accounted on its books for all actual depreciation of its plant and equipment and that in many instances it charged the cost of replacements and other capital expenditures to expense. It takes the position that depreciation is a matter of fact that can be more equitably ascertained by proof and experience than by the application of arbitrary percentage formulas on a straight-line basis, and cites several decisions of this Board in support of its position.

In every appeal in which the Board has reversed the action of the Commissioner on issues similar to this, the petitioner has proved that the amount of depreciation written off was, in view of all the facts, a reasonable allowance for the exhaustion, wear and tear of assets. In the instant proceeding the petitioner relies entirely on proof of the action of the Commissioner. There is no evidence upon which we can base findings of fact adverse to the determination of the Commissioner. *Appeal of City National Bank*, 2 B. T. A. 623.

*Judgment will be entered on 15 days' notice, under Rule 50.*