Considered by MORRIS, MURDOCK, and LITTLETON.

## APPEAL OF GEORGE W. FULLER.

Docket No. 3014. Promulgated December 20, 1927.

*Philip Nichols, Esq.*, for the petitioner.
*Briggs G. Simpich, Esq.*, for the Commissioner.

OPINION.

Green: More than a century ago the United States Supreme Court, speaking through Chief Justice Marshall, in the leading case of

*McCulloch* v. *Maryland*, 4 Wheat. 316, recognized the doctrine impliedly established by the Constitution that the government of a State could not interfere by taxation or otherwise with the means, agencies, or instrumentalities by which the Federal Government exercised its functions. The converse of that proposition was later established by the case of *Collector* v. *Day*, 11 Wall. 113, in which it was decided that the Federal Government could not tax the means, agencies or instrumentalities by which a State exercised its governmental functions.

As a result of such decisions the first income-tax act passed after the Sixteenth Amendment provided " That in computing net income under this section there shall be excluded  *  *  *  the compensation of all officers and employees of a State or any political subdivision thereof." Section II B, Act of October 3, 1913. To the same effect was the Act of September 8, 1916, unamended in this particular by the Act of October 3, 1917. This provision, however, was omitted from the Revenue Act of 1918, its omission being explained in Report 617, Senate Finance Committee, 65th Congress, Third Session, at page 6, as follows:

The committee amended Section 213 (a) so as to require that any gains, profits, and income derived from salaries, wages, or compensation of personal service, of whatever kind and in whatever form paid, and so on, be subject to income tax, leaving the constitutional question as to the authority of Congress to tax certain salaries to be settled by the courts in any case in which the question may be raised.

Shortly after the passage of the 1918 Act the Secretary of the Treasury issued Treasury Decision 2843, which provided in part that:

In accordance with an opinion of the Attorney General, dated May 6, 1919, and based on the well-settled rule that governmental agencies of the States are not subject to taxation by the Federal Government, it is held that salaries of State officials and salaries and wages of employees of a State are not subject to the income tax imposed by the said Revenue Act of 1918.

As a result of Treasury Decision 2843 just mentioned, article 85 of Regulations 45 and article 88 of Regulations 62 and 65 were promulgated, exempting compensation received by state officers or employees, and upon the passage of the Revenue Act of 1926, Congress provided:

SEC. 1211. Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.

The questions, therefore, which are presented in this proceeding are, first, was the petitioner either an officer or employee of any State or political subdivision thereof during the taxable year 1919; and, second, if not, is the respondent, by attempting to tax the compensation received by the petitioner from the several municipalities, in effect taxing the means, agencies, or instrumentalities by which the State exercises its governmental functions?

The latest expression by the United States Supreme Court on both of these questions is *Metcalf & Eddy v. Mitchell*, 269 U. S. 514; 46 Sup. Ct. 172. In that case Metcalf and Eddy were in 1917 consulting engineers who, either individually or as copartners, were professionally employed to advise States or subdivisions of States with reference to proposed water-supply and sewage-disposal systems. In each case the service was rendered in connection with a particular project for water supply or sewage disposal, and the compensation was paid in some instances on an annual basis, in others on a monthly or daily basis, and in still others on the basis of a gross sum for the whole service. The fees received by them for these services were paid over to the partnership and became a part of its gross income, upon which an income tax was collected. The District Court held that such compensation was not exempt from taxation, either by the provisions of the statute or under the Constitution. The Supreme Court, in affirming the decision of the District Court, said in part:

We think it clear that neither of the plaintiffs in error occupied any official position in any of the undertakings to which their writ of error in No. 183 relates. They took no oath of office; they were free to accept any other concurrent employment; none of their engagements was for work of a permanent or continuous character; some were of brief duration, and some from year to year, others for the duration of the particular work undertaken. Their duties were prescribed by their contracts and it does not appear to what extent, if at all, they were defined or prescribed by statute. We therefore conclude that plaintiffs in error have failed to sustain the burden cast upon them of establishing that they were officers of a state or a subdivision of a state * * *.

An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law. Where an office is created, the law usually fixes its incidents, including its term, its duties and its compensation. *United States v. Hartwell*, 6 Wall. 385, 18 L Ed. 830; *Hall v. Wisconsin*, 103 U. S. 5, 26 L. Ed. 302. The term "officer" is one inseparably connected with an office; but there was no office of sewage or water supply expert or sanitary engineer, to which either of the plaintiffs was appointed. The contracts with them, although entered into by authority of law and prescribing their duties, could not operate to create an office or give to plaintiffs the status of officers. [Citations.] There were lacking in each instance the essential elements of a public station, permanent in character, created by law, whose incidents and duties were prescribed by law [Citations].

Nor do the facts stated in the bill of exceptions establish that the plaintiffs were "employees" within the meaning of the statute. So far as appears, they

were in the position of independent contractors. The record does not reveal to what extent, if at all, their services were subject to the direction or control of the public boards or officers engaging them. In each instance the performance of their contract involved the use of judgment and discretion on their part and they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of action which excludes the idea that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor. [Citations].

We pass to the more difficult question whether Congress had the constitutional power to impose the tax in question, and this must be answered by ascertaining whether its effect is such as to bring it within the purview of those decisions holding that the very nature of our constitutional system of dual sovereign governments is such as impliedly to prohibit the federal government from taxing the instrumentalities of a state government, and in a similar manner to limit the power of the states to tax the instrumentalities of the federal government. * * *

Just what instrumentalities of either a state or the federal government are exempt from taxation by the other cannot be stated in terms of universal application. But this court has repeatedly held that those agencies through which either government immediately and directly exercises its sovereign powers, are immune from the taxing power of the other. * * *

When, however, the question is approached from the other end of the scale, it is apparent that not every person who uses his property or derives a profit, in his dealings with the government, may clothe himself with immunity from taxation on the theory that either he or his property is an instrumentality of government within the meaning of the rule. [Citations.]

\* \* \* \* \* \* \*

But here the tax is imposed on the income of one who is neither an officer nor an employee of government and whose only relation to it is that of contract, under which there is an obligation to furnish service, for practical purposes not unlike a contract to sell and deliver a commodity. In such a situation it cannot be said that the tax is imposed upon an agency of government in any technical sense, and the tax itself cannot be deemed to be an interference with government, or an impairment of the efficiency of its agencies in any substantial way. [Citations.] * * * We do not suggest that there may not be interference with such a contract relationship by means other than taxation which are prohibited. * * *

But we do decide that one who is not an officer or employee of a State, does not establish exemption from federal income tax merely by showing that his income was received as compensation for service rendered under a contract with the state; and when we take the next step necessary to a complete disposition of the question, and inquire into the effect of the particular tax, on the functioning of the state government, we do not find that it impairs in any substantial manner the ability of plaintiffs in error to discharge their obligations to the state or the ability of a state or its subdivisions to procure the services of private individuals to aid them in their undertakings. * * * We therefore conclude that the tax * * * was properly assessed.

What the United States Supreme Court has said in the *Metcalf* case is in our opinion applicable here. We do not believe that the

petitioner was either an officer or an employee of any State or political subdivision thereof. He took no oath of office in connection with any of the contracts with the several municipalities. He was free to accept any other employment. There was no office created by statute to which the petitioner was appointed. His status was prescribed by contract rather than by statute and in performing such contracts the record does not show that he was subject to the direction or control of the various public boards which engaged him. On the contrary he was left to use his own judgment and discretion and was to exercise his best professional skill to bring about the desired result.

Since in our opinion the petitioner was neither an officer nor an employee of any State or political subdivision and whose only relation thereto was that of contract " it cannot be said that the tax is imposed upon an agency of government in any technical sense, and the tax itself cannot be deemed to be an interference with government, or an impairment of the efficiency of its agencies in any substantial way." *Metcalf & Eddy* v. *Mitchell, supra.* The evidence does not show that the imposition of the tax would impair in any substantial manner the ability of the petitioner to discharge his obligations to the various municipalities or the ability of such municipalities to procure the services of private individuals to aid them in their undertakings. Cf. *Appeal of Robert G. Gordon,* 5 B. T. A. 1047; *Appeal of Emma B. Brunner,* 5 B. T. A. 1135; *Union Paving Co.* v. *Commissioner,* 6 B. T. A. 527; *Fred H. Tibbetts* v. *Commissioner,* 6 B. T. A. 827; and *A. C. Kreipke* v. *Commissioner,* 7 B. T. A. 777.

*Judgment will be entered for the Commissioner.*

Considered by STERNHAGEN, LANSDON, and ARUNDELL.