W. J. HOWARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9384. Promulgated January 20, 1928.

*W. J. Howard, Esq.*, pro se.
*Harold Allen, Esq.*, for the respondent.

OPINION.

LOVE: The laws of Texas grant to cities and towns of over 2,000 population the power to regulate rates to be charged and services to be furnished by public service corporations within such cities. Vernon's Annotated Statutes, vol. 2, art. 1119. It is not disputed that the cities of Houston, Navasota, and Victoria are within the terms of the statute. The regulation of rates and compelling the separation of a railway grade crossing are each a valid exercise of the police power which may be delegated by the legislature to a municipality. *Knoxville* v. *Knoxville Water Co.*, 212 U. S. 1, 9; *Houston Electric Railway Co.* v. *City of Houston*, 212, S. W. 198, 200; *Houston* v. *Southwestern Bell Telephone Co.*, 259 U. S. 318. The exercise of these powers by the state, directly or through its subdivisions, is a governmental function. Cooley Municipal Corporations, p. 642.

The respondent argues that the income in question is taxable under the decision of the Supreme Court in *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514. The petitioner makes no claim that he is an officer or employee of the State or of political subdivisions thereof, but contends this income was paid to him as an "instrumentality," "means," or "agency" of the State of Texas in the operation of the State government, and that it is, therefore, exempt from Federal taxation; that Congress did not intend to tax such income and had no power to do so under the Constitution.

Section 213 (a), Revenue Act of 1921, defines gross income as including " gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, or from professions, vocations, trades * * *." We think this language is broad enough to cover the compensation received by petitioner from the cities named. See *Appeal of Robert G. Gordon*, 5 B. T. A. 1047, 1054. There is no provision of the statute under which such compensation would be exempt, so that the immunity, if any there be, from Federal taxes must be found in a constitutional provision.

In *Metcalf & Eddy* v. *Mitchell, supra*, suit was brought to recover income taxes assessed under the Revenue Act of 1917 on fees received by Metcalf and Eddy from States or subdivisions of States, for services, under contracts, as consulting engineers with reference to

proposed water supply and sewage disposal systems. In that case, as in the case of this petitioner, they were neither officers nor employees of the States or municipalities, but were in the position of independent contractors. The Supreme Court held the tax was properly assessed. Petitioner urges that that case is not decisive of the issue here because Metcalf and Eddy were employed in undertakings which were municipal or corporate in character, while in the employment in which he was engaged the cities were exercising governmental powers and functions. The Supreme Court, however, did not rest its decision upon the ground that the work in which Metcalf and Eddy were engaged was a nongovernmental operation. It pointed out that while that court had repeatedly held that those agencies through which either a State or the Federal Government immediately and directly exercises its sovereign powers are immune from the taxing power of the other, it is apparent that not every person who derives a profit, in dealing with the Government, " may clothe himself with immunity from taxation on the theory that he is an instrumentality of government within the meaning of the rule." It said:

As cases arise, lying between the two extremes, it becomes necessary to draw the line which separates those activities having some relation to government, which are nevertheless subject to taxation, from those which are immune. Experience has shown that there is no formula by which that line may be plotted with precision in advance. But recourse may be had to the reason upon which the rule rests, and which must be the guiding principle to control its operation. Its origin was due to the essential requirement of our constitutional system that the federal government must exercise its authority within the territorial limits of the states; and it rests on the conviction that each government, in order that it may administer its affairs within its own sphere, must be left free from undue interference by the other.

In a broad sense, the taxing power of either government, even when exercised in a manner admittedly necessary and proper, unavoidably has some effect upon the other. The burden of federal taxation necessarily sets an economic limit to the practical operation of the taxing power of the states, and vice versa. Taxation by either the state or the federal government affects in some measure the cost of operation of the other.

The court holds that " one who is not an officer or employee of a state, does not establish exemption from federal income tax merely by showing that his income was received as compensation for services rendered under a contract with the state." The test to be applied is the effect of the particular tax on the functioning of the state government. It does not appear in the present case that the tax served to increase the burdens of the cities or impaired the ability of the cities of Houston, Navasota, and Victoria to procure the services of private individuals for the employment upon which petitioner was engaged or the ability of petitioner to discharge his obligations to them. We,

therefore, hold that the determination of the Commissioner was not in error.

*Judgment will be entered for the respondent.*