ROBERT J. CUMMINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33354.   Promulgated April 8, 1930.

*Robert Ash*, *Esq.*, and *J. A. Phillips*, *C. P. A.*, for the petitioner.
*O. J. Tall*, *Esq.*, for the respondent.

## OPINION.

MARQUETTE: This proceeding presents only one question for our determination—whether the petitioner was an officer or employee of the city of Corpus Christi, Tex., within the meaning of section 1211 of the Revenue Act of 1926, which provides:

SEC. 1211. Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.

Neither the petition nor the evidence indicates whether the petitioner claims to have been an officer or an employee of the city during the years 1924 and 1925. On behalf of the petitioner it is urged in argument that he was appointed port engineer for the city of Corpus Christi by its board of navigation commissioners, under authority of the following provisions of article 8263, section 17, Vernon's Annotated Texas Statutes:

Said commissioners shall have authority to employ a competent engineer, whose term of office shall be at the will of said commissioners and who shall receive such compensation as may be determined by said commissioners. It shall be the duty of the engineer to make all necessary surveys, examinations, investigations, maps, plans, and drawings with reference to the proposed improvements. He shall make estimates of the cost of same, shall supervise the work of improvement, and shall do and perform all such duties as may be required of him by the commissioners. * * *

This statute does not create an office of port engineer. It merely authorizes the commissioners to secure the services of an engineer when, in their judgment, such services may be necessary or desirable. The expression " term of office " as used in the statute means no more than " period of employment," " duration of service," or like phraseology.

Article 977, Vernon's Annotated Texas Statutes, creates certain city offices, but does not include the office of port engineer. It does provide for " such other officers and agents as the city council may from time to time direct." The record here does not disclose, nor does the petitioner contend, that the city council of Corpus Christi ever directed the employment of a port engineer.

Article XVI, section 1, of the constitution of the State of Texas, provides that all officers shall take a prescribed oath. Section 993, Vernon's Annotated Texas Statutes, provides that every person elected or appointed to fill a city office shall, before entering upon the duties of his office, take and subscribe the official oath. The petitioner did not take and subscribe any oath, and none was required of him in connection with the Corpus Christi work.

The situation here is very aptly described in the following language of the Supreme Court in *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514:

The term officer is one inseparably connected with an office; but there was no office of sewage or water supply expert or sanitary engineer, to which either of the plaintiffs was appointed. The contracts with them, although entered into by authority of law and prescribing their duties, could not operate to create an office or give to plaintiffs the status of officers.

That the petitioner was not an officer of the State of Texas, nor of its political subdivision, the city of Corpus Christi, is clear. In our opinion the evidence also fails to establish that he was an em-

ployee of the State or of its political subdivision within the meaning of the Revenue Act. The petitioner was at all times in independent practice as a consulting engineer and he was free to, and did, accept other employment concurrently with his work for the city of Corpus Christi. He used his own judgment as to the amount of time he should give to the work and was free to choose his own methods in the work. He maintained his own office and employed at his own expense assistants selected by himself to do a part of the work for which he had been retained by the navigation commissioners. All of these facts are inconsistent with the relation of employer and employee. *John R. Spelman*, 18 B. T. A. 313.

In our opinion the facts in this proceeding definitely establish the status of the petitioner as an independent contractor, and not an officer or employee of a State or political subdivision thereof. *Metcalf & Eddy* v. *Mitchell, supra; Lucas* v. *Howard*, 10 B. T. A. 62; 280 U. S. 14A; *Blair* v. *Byers*, 35 Fed. (2d) 326; *Kreipke* v. *Commissioner*, 32 Fed. (2d) 594. We find no error in the determination of the respondent.

*Judgment will be entered for the respondent.*