*852 OPINION.
Marquette:
In each of these proceedings one and the same question is presented for our decision, namely, were Joseph Milton Howe and A. J. Wise officers or employees of Harris County, Texas, either individually or as a partnership, within the meaning of section 1211 of the Revenue Act of 1926, which provides:
*853 Sec. 1211. Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.
It appears that the Commissioners’ Court of Harris County, acting under authority of law, entered into two successive contracts with the firm of Howe & Wise, engaging that firm to act as county engineers during the years herein involved. By the terms of those contracts the firm agreed to do all the engineering work and supervision in connection with the expenditure of all road and bridge funds of the county, and also “ such incidental matters as may be agreed to by and between the parties.” Each contract was to run for a period of two years, subject however to modification or cancellation by either party, upon 30 days’ notice.
Article XVI, section 1, of the Constitution of the State of Texas, provides that all officers shall take a prescribed oath. Neither the Constitution nor the Legislature of the State of Texas has created the office of county engineer in general. For our present consideration such office exists, if at all, only by virtue of the Harris County Road System law, section 24, which is set forth in our findings of fact.
In our opinion that enactment does not create the office of county engineer. It provides for the selection of an engineer who is to be employed by contract, which is incompatible with the idea of a public office. In 22 Ruling Case Law, p. 379, we find the general rule that “A public office is not the same thing as a contract, and one contracting with the government is in no just and proper sense an officer of the government.” Again, on page 380 of the same volume it is stated: “ The fact that the duties of a particular position or governmental function do not depend on contract is itself one of the criteria that it is a public office.” And to similar effect is the holding in Hall v. Wisconsin, 103 U. S. 5.
Furthermore, the statute in question provides that the position of county engineer may be filled by a firm or engineering corporation. Manifestly neither a partnership, as such, nor a corporation could take the oath of office required by the Texas Constitution. We can not assume that the legislature of that State intended to create an office to be filled by an incumbent unable to comply with the constitutional requirement.
*854 There being no office of county engineer, it is clear that neither the firm of Howe & Wise, nor the individuals themselves, could have the status of an officer of the State of Texas or of its political subdivision, Harris County. See Metcalf & Eddy v. Mitchell, 269 U. S. 514.
We think the evidence also fails to establish that either Howe or Wise, or their firm, was an employee of the State, or its political subdivision, within the meaning of the Revenue Act. They were at all times in independent practice of their profession, and were free to, and did, accept other work concurrently with the work for Harris County. They used their own judgment respecting the amount of time they should give to the cotmty work, and were unrestricted as to the methods of doing the work. They maintained their own office, paid from their own funds at least a part of the expense for necessary equipment for the work, and employed at their own expense assistants selected by themselves to do a part of the work for which they had been retained by Harris County. All of these facts are inconsistent with the relation of employer and employee. John R. Spelman, 18 B. T. A. 313.
In our opinion the facts in this proceeding establish the status of the firm of Howe & Wise and each of the individuals composing the firm as that of an independent contractor, and not an officer or employee of a State or political subdivision thereof. Metcalf & Eddy v. Mitchell, supra; Lucas v. Howard, 10 B. T. A. 62, 280 U. S. 14A; Blair v. Byers, 35 Fed. (2d) 326; Kreipke v. Commissioner, 32 Fed. (2d) 594. We find no error in the determination that deficiencies exist for the years herein involved.
Pursuant to the stipulation between the parties, the petitioner Joseph Milton Howe should be allowed a deduction of $1,000 from his gross income for 1923 for a loss sustained in that year in the Damon Mound Syndicate, and is not entitled to a deduction of $500 for alleged loss in 1923 on stock of the American & Mexican Mining & Reduction Co.

Judgment will be entered under Bule 60 with respect to the proceeding in Docket No. 19771. Judgment will be entered for the respondent as to the proceedings in Docket Nos. 30599, 30600, 30601, 30602, 38745, 38746, 38747, 38974, 38975, 38976, and 38977.