W. A. FRANKEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SCOTT R. TIMMONS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32042, 32044.   Promulgated September 17, 1931.

*S. J. Jones, Esq.*, *W. A. Franken, Esq.*, and *Scott R. Timmons, Esq.*, for the petitioners.

*L. A. Luce, Esq.*, for the respondent.

OPINION.

LANSDON: The identical question raised in these proceedings as to the compensation received by each of the petitioners for legal services rendered to the Norborne Land Drainage District Company has been decided by the Circuit Court of Appeals for the Eighth Circuit in *Burnet* v. *Jones*, 50 Fed. (2d) 14, where the compensation received by S. J. Jones, who was also one of the attorneys for such company, was held to be taxable. A similar question is presented as to the compensation received by each of the petitioners for legal services rendered to the Egypt-Prairie Drainage District, under a contract of employment almost identical in its terms with the Norborne contract. Upon authority of the *Jones* case, *supra*, which we think is controlling as to both items of income, the respondent's determination is approved.

As to the compensation of $100 received by each of the petitioners for legal services rendered to the city of Norborne, Mo., the record is insufficient for us to determine whether the petitioners were employees of the city, in accordance with our holding in *W. B. Matthews*, 13 B. T. A. 1133, or independent contractors. We must, therefore, approve the determination of the respondent.

*Decision will be entered for the respondent.*