GEORGE H. GABEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38022. Promulgated December 31, 1931.

*George H. Gabel, Esq.,* pro se.

*J. M. Leinenkugel, Esq.,* for the respondent.

66

OPINION.

McMAHON: Respondent contends that the petitioner is not an officer or employee of a political subdivision, but is an independent contractor.

Whether or not the village of Whitefish Bay, School District No. 4 of the village of Shorewood, and School District No. 1 of the village of Whitefish Bay are political subdivisions of the State of Wisconsin is not questioned and need not be determined in this proceeding.

In studying the facts before us, we are impressed with the similarity of the relationship existing between the petitioner and the village of Whitefish Bay, the school district of Whitefish Bay, and the school district of Shorewood, respectively, and that existing between an attorney and his client.

In respect to compensation, pursuant to agreement the petitioner was paid by the village a certain amount as retainer to cover certain general services, and in addition a per diem rate to cover other services as requested by the board from time to time. He was paid a per diem rate only by the school districts, the per diem rate being considered more just and equitable to the petitioner and the school districts because the amount of legal services was uncertain and varied greatly from year to year. The general services covered by the retainer in the case of the village consisted of attendance at meet-

ings, advice and counsel, and drawing of routine resolutions, ordinances, contracts, etc.; and the per diem rate covered legal services not covered by the retainer and such as would be requested from time to time. We see no difference in this arrangement from that usually and customarily entered into between an attorney and client of this character.

His appointment was of no definite term and could be terminated at the pleasure of the respective boards. Section 17.13 (1), Wisconsin Statutes, 1929.

Petitioner's time was his own and neither the village board nor either of the school boards imposed any restrictions upon petitioner as to the number of his clients, municipal, political or otherwise.

In this regard, the language of the court in *Blair* v. *Byers*, 35 Fed. (2d) 326, is significant and enlightening in determining the instant proceeding:

We think *this is sufficient to establish that he was free to engage, and was engaged, in other business for other clients*; that he was a *free professional agent as to the nature of his services and the advice that he would give.* Nowhere in the record is it revealed to what extent, if at all, his services were subject to the control of the board of trustees. Furthermore, we are of opinion that an attorney who is engaged in this manner, who has *not contracted* to give to *such a client his entire and exclusive services,* does not thereby become an officer or employee in the sense of this statute. * * * [Italics supplied.]

In the case of *United States* v. *Butler*, 49 Fed. (2d) 52, in distinguishing *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, the opinion states:

Except that appellee was required to use his judgment and skill as a lawyer in serving the Board there is no similarity between his employment and that of Metcalf and Eddy. *Unlike* Metcalf and Eddy he was *continuously employed* by *one political subdivision* to render any and all legal services that might be required. The *Board* of Commissioners *had first call upon his services* and *the right to demand and use all his time.* He was *not at liberty to take other employment* if his services were required by the Board. * * * [Italics supplied.]

In the instant proceeding, petitioner performed services not for one political subdivision, but for three, and during all the time was free to engage in the general practice of his profession and did so. *George W. Fuller*, 9 B. T. A. 708.

The use of petitioner's office by members of the various boards as a place for conferences, negotiations, consultations and discussions was in accordance with the customary use an attorney's office is put to by his clients.

The members of the various boards, no doubt, demanded fuller and more detailed explanations and discussions of the matters handled by petitioner than the ordinary client, but, in our opinion, this unusual interest and active participation on the part of the members

was not such control as limited and restricted the use by petitioner of his legal judgment and discretion. It was the usual and customary interest in and direction and control of affairs by persons in public office who are responsible for the results, the results often determining their continuance in office. The petitioner in testifying stated the difference, as ascertained from his own experience, in the control exercised by the boards and the usual client was that a body of men occupying public office seem to have an idea that their responsibility is much greater than when they are conducting their own affairs. The control exercised by them over the petitioner was not a directing, restraining, or regulating control.

We quote from *David Burnet* v. *J. Jones*, 50 Fed. (2d) 14, reversing *S. J. Jones*, 17 B. T. A. 1131, cited by petitioner as follows:

\* \* \* *The lawyer who is retained in the affairs of his client is not properly designated an employee. He is an officer of the court.* As counsellor and advisor to his clients and as an advocate before the court, *whatever action he takes is upon independent judgment illuminated by his learning, his skill, his experience and his ethics. The relationship of attorney and client is entered into and maintained with regard to these considerations and is not that of employer and employee.* [Italics supplied.]

See *Burnet* v. *McDonough*, 45 Fed. (2d) 944 (reversing *James B. McDonough*, 16 B. T. A. 556), cited in the opinion with approval and followed.

In our opinion the above quoted language is applicable to this proceeding and supports the view that the relationship between petitioner and the village board and school districts was not that of employer and employee. See *Joseph Milton Howe*, 19 B. T. A. 849; *Robert J. Cummins*, 19 B. T. A. 498; *Burnet* v. *McDonough*, *supra*.

Not only were the members of the boards elected public officers to whom the public entrusted the management of their affairs (including the selection and appointment of a competent attorney), and whose return to office depended largely upon the successful conduct and result of such affairs, but during the time the petitioner acted as attorney at least one of the members was a practicing attorney and some of the members had an extensive knowledge in reference to some of the members of the Wisconsin Legislature which the petitioner did not have, and had their own ideas, as men versed in public affairs, as to how certain legislation could be passed and how it could be defeated. That the petitioner under such circumstances was influenced in his decisions and conduct of litigation and other matters is quite natural, yet such influence was not the control exercised by an employer over an employee, which is a determining factor of the existence of that relationship.

Clearly, from the foregoing discussion of the facts in the instant proceeding, petitioner does not qualify as an officer. *Metcalf & Eddy* v. *Mitchell, supra; W. A. Franken et al.*, 24 B. T. A. 39; *George I. Haight*, 14 B. T. A. 844; affd., 52 Fed. (2d) 779; *W. J. Howard*, 10 B. T. A. 62; affirmed by the Supreme Court per curiam, 280 U. S. 26, in authority of *Metcalf & Eddy* v. *Mitchell, supra.*

In *Metcalf & Eddy* v. *Mitchell, supra*, the court stated:

* * * An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law. Where an office is created, the law usually fixes its incidents, including its term, its duties and its compensation.

Furthermore, section 28 of Article VI of the Wisconsin Statutes of 1929 provides that all officers, executive and judicial, except such inferior officers as may be by law exempted, shall, before they enter upon the duties of their respective offices, take and subscribe to an oath of office. There is no evidence that the petitioner was required to or did take such an oath.

In our opinion petitioner was not an officer or employee of a political subdivision of a State, but an independent contractor, and, as such, compensation received from the village and two school districts is not exempt from Federal tax.

As respondent conceded that the amount of $8,704.50 for the year 1923 and the amount of $4,397.50 for the year 1924 were erroneously duplicated as additions to income in the recomputation of the petitioner's tax liability, as appears in the statement attached to the deficiency letter, and as the parties stipulated to correct such error,

*Judgment will be entered under Rule 50.*