## SINGER MANUFACTURING COMPANY *v.* RAHN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MINNESOTA.

No. 122. Submitted November 20, 1889. — Decided December 23, 1889.

A person employed by a corporation under a written contract to sell sewing-machines, and to be paid for his services by commissions on sales and collections; the company furnishing a wagon, and he furnishing a horse and harness, to be used exclusively in canvassing for such sales and in the general prosecution of the business; and he agreeing to give his whole time and best energies to the business, and to employ himself under the direction of the company and under such rules and instructions as it or its manager shall prescribe; is a servant of the company, and the company is responsible to third persons injured by his negligence in the course of his employment.

THE original action was brought by Katie Rahn, a citizen of Minnesota, against the Singer Manufacturing Company, a corporation of New Jersey, for personal injuries done to the plaintiff by carelessly driving a horse and wagon against her, when crossing a street in Minneapolis. The complaint alleged

that the driver of the wagon was the defendant's servant and engaged in its business.    The answer denied this, and alleged that the driver, one Corbett, was engaged in selling sewing-machines on commission, and not otherwise, for the defendant.    The replication denied the allegations of the answer.

At the trial before a jury, after the plaintiff had introduced evidence to maintain the issues on her part, the defendant put in evidence the contract between itself and Corbett, headed "Canvasser's Salary and Commission Contract," the material provisions of which were as follows:

"1st. The party of the first part agrees to pay unto the party of the second part, for his services in selling and leasing the Singer sewing-machines, five dollars for each and every acceptable sale of a new machine sold by him; and in addition to said five dollars a further sum of ten per cent of the gross price realized for said sales so made shall be paid to said second party, which, in addition to the five dollars on each acceptable sale, shall be deemed a selling commission.

"2d. The party of the first part shall pay unto the second party, for his further services, a collecting commission of ten per cent on the amounts or balances due from customers having purchased machines from him, payable as the cash shall be collected and paid over to the said first party or its authorized representatives at Minneapolis; and the said per centum so paid shall be in full for the services of said second party in collecting or other service rendered to date thereof."

"7th. The said first party agrees to furnish a wagon, and any damage to said wagon through negligence shall be at the cost and expense of said second party; and the said second party agrees to furnish a horse and harness, to be used exclusively in canvassing for the sale of said machines and the general prosecution of said business; and said second party agrees to give his exclusive time and best energies to said business, and pay all expenses attending same.

"8th. The said second party agrees to employ himself under the direction of the said Singer Manufacturing Company, and under such rules and instructions as it or its manager at Minneapolis shall prescribe, and in all respects to comport

himself to the best interests of the business of the said first party, and to neither sign nor to make use of the name of the said company in any manner whereby the public or any individual may be led to believe that the said company is responsible for his actions, said party's power being simply to make sales and turn over the proceeds to the said first party. If any special acts are required of said second party, the power to perform the same will be specially delegated."

" 10th. It is further agreed that if said second party sells any other than the machines furnished to him by said first party, it shall work a forfeiture of any commissions that accrue under this agreement, if violated prior to the termination of the same."

" 12th. This agreement may be terminated by the first party at any time, and by said second party by giving first party ten days' notice in writing."

The defendant requested the court to instruct the jury " that the contract under which Corbett, the driver of the horse causing the accident, was operating made him an independent contractor, and the defendant could not be liable for any damage done through his negligence, if he was negligent." The court declined to give the instruction requested, and instructed the jury that the contract established the relation of servant and master between Corbett and the defendant, and that the defendant was answerable for Corbett's negligence while engaged in its service.

The jury returned a verdict for the plaintiff in the sum of $10,000, upon which judgment was rendered; and the defendant tendered a bill of exceptions, and sued out this writ of error.

*Mr. Grosvenor Lowrey* and *Mr. Joseph S. Auerbach,* for plaintiff in error, submitted on their brief.

The plaintiff in error never employed or contracted with Corbett to drive a horse; his sole relation to the company was that of an independent contractor to canvass for sales, furnishing his own means.

The seventh section of the contract binds the company to

furnish a wagon, and Corbett to furnish a horse and harness to be used exclusively in canvassing for the sale of machines and the general prosecution of that business. Corbett agreed to give his best energies to the business, and to pay all expenses. Under these circumstances the loan of the wagon takes classification in the law only as a bailment. Such bailments taken alone do not create a relation of master and servant between bailor and bailee. *Quarman* v. *Burnett*, 6 M. & W. 499; *Stevens* v. *Armstrong*, 2 Selden, 435; *Rapson* v. *Cubitt*, 9 M. & W. 710; *Carter* v. *Berlin Mills*, 58 N. H. 52; *Sproul* v. *Hemmingway*, 14 Pick. 1; *S. C.* 25 Am. Dec. 350; *Powles* v. *Hider*, 6 El. & Bl. 207; *Venables* v. *Smith*, 2 Q. B. D. 279; *King* v. *Spurr*, 8 Q. B. D. 104; *Schular* v. *Hudson River Railroad*, 38 Barb. 653.

The effect of stipulations similar to those contained in the eighth section, subjecting a contractor to the direction, regulation and control of a co-contractor, has been often considered by the courts. Such control as is here reserved is not regarded as indicating the relation of master and servant, but, on the contrary, as being entirely consistent with the relation of principal and agent, or of contractor and co-contractor. The general distinction appears to be that he is a master (and subject to the doctrine of *respondeat superior*) who retains — and he is a servant (and capable to plead that maxim in defence) who surrenders — the right to determine the means or manner of accomplishing the object of the contract. He is a *principal* and not a *master* who retains the right to direct what *ends* shall be attempted, leaving the *means* to the management of the agent. *Blake* v. *Ferris*, 1 Selden (5 N. Y.) 48; *S. C.* 55 Am. Dec. 304; *Pack* v. *New York City*, 4 Selden, 222; *Kelly* v. *Mayor of New York*, 1 Kernan, 432; *Allan* v. *Willard*, 57 Penn. St. 374; *Painter* v. *Mayor of Pittsburgh*, 46 Penn. St. 213; *Reed* v. *Allegheny City*, 79 Penn. St. 300; *Erie* v. *Caulkins*, 85 Penn. St. 247; *Edmundson* v. *Pittsburgh &c. Railroad*, 111 Penn. St. 316; *Cuff* v. *Newark & New York Railroad*, 6 Vroom (35 N. J. Law) 17; *Conners* v. *Hennessey*, 112 Mass. 96; *Wood* v. *Cobb*, 13 Allen, 58; *Samuelson* v. *Cleveland Iron Mining Co.*, 49 Michigan, 164; *Reedie* v. *London & North-*

*western Railway,* 4 Exch. 243 ; *Steele* v. *Southeastern Railway,* 16 C. B. 550 ; *Jones* v. *Liverpool,* 14 Q. B. D. 890.

*Mr. W. P. Clough, Mr. John W. Willis* and *Mr. Charles A. Ebert,* for defendant in error, submitted on their brief, citing : *Pawlet* v. *Rutland &c. Railroad,* 28 Vermont, 297 ; *Michael* v. *Stanton,* 3 Hun, 462 ; *Dalyell* v. *Tyrer,* El. Bl. & El. 899 ; *Blake* v. *Ferris,* 5 N. Y. (1 Selden) 48 ; *S. C.* 55 Am. Dec. 304; *Regina* v. *Turner,* 11 Cox Crim. Cas. 551 ; *Fenton* v. *Dublin Steam Packet Co.,* 8 Ad. & El. 835 ; *Burgess* v. *Gray,* 1 C. B. 578; *Schwartz* v. *Gilmore,* 45 Illinois, 455 ; *S. C.* 92 Am. Dec. 227 ; *Fink* v. *Missouri Furnace Co.,* 10 Missouri App. 61 ; *S. C.* 82 Missouri, 276 ; *Speed* v. *Atlantic & Pacific Railroad,* 71 Missouri, 303 ; *Huff* v. *Ford,* 126 Mass. 24 ; *Carter* v. *Berlin Mills,* 58 N. H. 52 ; *Forsyth* v. *Hooper,* 11 Allen, 419 ; *City of St. Paul* v. *Seitz,* 3 Minnesota, 297 ; *S. C.* 74 Am. Dec. 753 ; *McGuire* v. *Grant,* 1 Dutcher (25 N. J. Law) 356 ; *S. C.* 67 Am. Dec. 49 ; *Quarman* v. *Burnett,* 6 M. & W. 499 ; *Brackett* v. *Lubke,* 4 Allen, 138 ; *S. C.* 81 Am. Dec. 694 ; *Campbell* v. *Lunsford,* 88 Alabama, 512 ; *Sadler* v. *Henlock,* 4 El. & Bl. 570 ; *Blake* v. *Thirst,* 2 H. & C. 20 ; *Railroad Co.* v. *Hanning,* 15 Wall. 649 ; *Faren* v. *Sellers,* 39 La. Ann. 1011 ; *Linnehan* v. *Rollins,* 137 Mass. 123 ; *Cincinnati* v. *Stone,* 5 Ohio St. 38 ; *Erie* v. *Caulkins,* 85 Penn. St. 247 ; *Edmundson* v. *Pittsburgh &c. Railroad,* 111 Penn. St. 316 ; *Allen* v. *Willard,* 57 Penn. St. 374 ; *Patten* v. *Rea,* 2 C. B. (N. S.) 606 ; *Venables* v. *Smith,* 2 Q. B. D. 279 ; *Joslin* v. *Grand Rapids Ice Co.,* 50 Michigan, 516 ; *Mulvehill* v. *Bates,* 31 Minnesota, 364.

Mr. Justice Gray, after stating the case as above reported, delivered the opinion of the court.

The general rules that must govern this case are undisputed, and the only controversy is as to their application to the contract between the defendant company and Corbett, the driver, by whose negligence the plaintiff was injured.

A master is liable to third persons injured by negligent acts done by his servant in the course of his employment, although the master did not authorize or know of the servant's act or

neglect, or even if he disapproved or forbade it. *Philadelphia & Reading Railroad* v. *Derby*, 14 How. 468, 486. And the relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or, in other words, "not only what shall be done, but how it shall be done." *Railroad Co.* v. *Hanning*, 15 Wall. 649, 656.

The contract between the defendant and Corbett, upon the construction and effect of which this case turns, is entitled "Canvasser's Salary and Commission Contract." The compensation to be paid by the company to Corbett, for selling its machines, consisting of "a selling commission" on the price of machines sold by him, and "a collecting commission" on the sums collected of the purchasers, is uniformly and repeatedly spoken of as made for his "services." The company may discharge him by terminating the contract at any time, whereas he can terminate it only upon ten days' notice. The company is to furnish him with a wagon; and the horse and harness to be furnished by him are "to be used exclusively in canvassing for the sale of said machines and the general prosecution of said business."

But what is more significant, Corbett "agrees to give his exclusive time and best energies to said business," and is to forfeit all his commissions under the contract, if while it is in force he sells any machines other than those furnished to him by the company; and he further "agrees to employ himself under the direction of the said Singer Manufacturing Company, and under such rules and instructions as it or its manager at Minneapolis shall prescribe."

In short, Corbett, for the commissions to be paid him, agrees to give his whole time and services to the business of the company; and the company reserves to itself the right of prescribing and regulating not only what business he shall do, but the manner in which he shall do it; and might, if it saw fit, instruct him what route to take, or even at what speed to drive.

The provision of the contract, that Corbett shall not use the name of the company in any manner whereby the public or any individual may be led to believe that it is responsible for

his actions, does not and cannot affect its responsibility to third persons injured by his negligence in the course of his employment.

The Circuit Court therefore rightly held that Corbett was the defendant's servant, for whose negligence in the course of his employment, the defendant was responsible to the plaintiff. *Railroad Co.* v. *Hanning*, above cited; *Linnehan* v. *Rollins*, 137 Mass. 123; *Regina* v. *Turner*, 11 Cox Crim. Cas. 551.

<div align="right">

*Judgment affirmed.*