McKENNA v. STAYMAN MFG. CO.

(Supreme Court, Appellate Term.  November 24, 1908.)

1. PRINCIPAL AND AGENT (§ 3*)—RELATION.

Every servant is an agent, though the converse is not true.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 4; Dec. Dig. § 3.*]

2. PRINCIPAL AND AGENT (§ 145*)—RELATION—UNDISCLOSED PRINCIPAL.

Where a contract between defendant and a third person did not show that defendant should prescribe what the third person should do, and that the third person should give his time exclusively to defendant, de-

fendant was not liable as an undisclosed principal to one rendering services to the third person on the theory that the third person was defendant's agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 499, 513–520; Dec. Dig. § 145.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Charles F. McKenna against the Stayman Manufacturing Company. From a judgment of the Municipal Court in favor of defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Rounds, Hatch, Dillingham & Debevoise, for appellant.

Robinson, Biddle & Benedict, for respondent.

MacLEAN, J. The plaintiff would hold the defendant responsible for services rendered to another, the Underwriters' Engineering & Construction Company, on the theory that the latter company was the agent and the defendant an undisclosed principal. Agency by estoppel is not claimed, but by a late discovery of a contract between the defendant and the engineering company agency in fact is claimed, and liability of the defendant as undisclosed principal is asserted. The assertion might prevail did the contract disclose such relation, for it is from that contract, a written one, and from the contract alone, that the relation of the parties thereto is to be determined. A perusal of that contract does not disclose that it was the intention of the parties that the defendant should prescribe, not only what the engineering company should do but also the manner of doing, nor does it appear that the engineering company agreed to give its time exclusively to the defendant. It was therefore not a servant (Singer Mfg. Co. v. Rahn, 132 U. S. 518, 10 Sup. Ct. 175, 33 L. Ed. 440), and much less an agent, as every servant is an agent, though the converse in law be not true. The contract as a whole exhibits independence rather than dependence on the part of the engineering company (Uppington v. City of New York, 165 N. Y. 222, 233, 59 N. E. 91, 53 L. R. A. 550), and therefore an absence of obligation as undisclosed principal on the part of the defendant. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.