## CHARLES N. DAWES, Plff.,

*v.*

## A. McCORMICK & COMPANY ET AL., Dfts.

---

San Juan, Law, No. 1023.

### DEMURRER.

Tort—Employee and Corporation.

    1. The old rule that a corporation could not be held to authorize a tort on the part of its employees has been changed. A tort committed within the scope of the agent's authority may be visited upon the corporation itself. If the agent goes outside of his employment in committing the tort, he is liable, and the corporation is not.

Tort—Principal and Agent.

    2. A corporation may be joined as a defendant with its agent in an action to recover damages for his tort.

Opinion filed December 7, 1914.

---

*Mr. Jos. Anderson, Jr.,* for plaintiff.

Dawes v. A. McCormick & Co.

*Mr. Willis Sweet* for defendants.

HAMILTON, Judge, delivered the following opinion:

The complainant sues for damages resulting, first, from the alleged arrest and, second, from an alleged assault upon the person of the plaintiff by the general manager of the defendant company. The demurrer raises the question of joinder of the company and the official in question.

1. The old rule used to be that a corporation could not be held to authorize a tort on the part of its employees, but the modern doctrine is that a tort committed within the general scope of the agent's authority may be visited upon the corporation itself. Merchants' Nat. Bank v. State Nat. Bank, 10 Wall. 604, 19 L. ed. 1008; Singer Mfg. Co. v. Rahn, 132 U. S. 518, 33 L. ed. 440, 10 Sup. Ct. Rep. 175. There is the exception that, if the agent goes outside of his employment to commit a tort for his own purposes, and not for the ends of the corporation, he is liable, and the corporation is not. The complaint, however, is drawn upon the theory that the defendant McCormick acted as is alleged in trying to collect the debt alleged to be due from the plaintiff to the defendant company. This would be within the general scope of his employment, and if there was excess on his part it is not shown by the pleadings, and cannot be considered by itself until it arises upon the evidence.

2. The demurrer is directed more especially to the joinder of the principal and the agent, but, whatever may have been earlier doubts on the subject, it is now settled that a corporation may be joined as a defendant with its agent or servant in

an action to recover damages for a tortious act committed by the agent in the general line of his previously conferred authority. This extends even to assault and battery. 10 Cyc. 1209, 1213.

The demurrer is therefore overruled.