JOHN E. MATHEWS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9583. Promulgated September 22, 1927.

The petitioner was during the year 1923 county attorney of Duval County, Florida, and received as compensation for his services $200 per month. *Held,* upon the evidence, that he was during 1923 an employee of the Board of County Commissioners of Duval County, Florida, within the meaning of section 1211 of the Revenue Act of 1926.

*John E. Mathews, Esq.,* pro se.
*Joseph B. Harlacher, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiency in income tax for the year 1923 in the amount of $1,073.53. The petitioner contends that the Commissioner erroneously included in his taxable income for the year 1923, $2,400 received as compensation for services rendered as county attorney of Duval County, Florida, during the taxable year. The allegations of error stated in the petition are as follows:

a. The Commissioner has erroneously concluded that the taxpayer was employed by the Board of County Commissioners under the authority of section 1475 of Revised General Statutes of Florida. This section authorizes the employment of an attorney, not under the control or direction of the Board of County Commissioners and for the specific purpose of prosecuting crimes in and before the county judges court. This section has no relation whatever to the employment of the taxpayer as shown in and by the record.

b. The Commissioner erroneously failed to recognize the common law, and general law, which authorizes governmental subdivisions to adopt an attorney at law as an instrumentality for the proper performance of governmental functions.

c. The Commissioner overlooked the fact that the Board of County Commissioners is the administrative board of a governmental subdivision of the State of Florida, with its duties and powers set forth in sections 1475 to 1577. Attention is called to the section 1475 of Revised General Statutes of Florida and particularly the 3rd and 10th paragraphs of said section. Attention is also called to all sections in the Revised General Statutes of Florida, from 1475 to and including section 1773.

d. The Commissioner erroneously decided that governmental Bureaus and Boards have the authority to make rules and regulations in direct conflict with the constitution of the United States.

e. The Commissioner erroneously decided that the services of the petitioner were occasional and temporary and are not continuous.

f. The Commissioner erroneously decided that the Board of County Commissioners failed to reserve to itself the authority to control the manner of performance of the taxpayer's duties.

g. The Commissioner erroneously decided that the petitioner was not a regular employee of Duval County.

h. The Commissioner erroneously decided that the taxpayer was not a part of the regular force of Duval County.

i. The Commissioner overlooked the fact that under the United States Constitution, the Government of the United States has not the constitutional right, power or authority to assess or collect taxes against any instrumentality adopted by Duval County for the proper performance of its governmental functions.

### FINDINGS OF FACT.

The petitioner is an attorney at law residing in Jacksonville, Fla. On January 2, 1923, he was elected attorney of Duval County by the Board of County Commissioners of said county for the term of two years. Notice of such election was conveyed to the petitioner by the following letter:

JANUARY 3, 1923.

Mr. JOHN E. MATHEWS,
    Attorney at Law, Bisbee Building,
        Jacksonville, Florida.

DEAR SIR: I beg to advise that on the 2nd day inst., the Board of County Commissioners of Duval County, Florida, designated you as the county attorney. You will be expected to attend to all of the legal matters for Duval County and you will receive as your compensation the sum of $200.00 per month for attending all meetings of the Board of County Commissioners and giving advice concerning all routine matters coming before the board, and for defending or prosecuting law suits in which the county is a party or interested, or attending to all legal matters in connection with bond issues, you will receive the usual compensation allowed in this jurisdiction. This appointment is for a period of two years unless sooner modified by mutual agreement. Please advise me of your acceptance.

    Yours very truly,

                    (Signed)      R. H. CARSWELL,
            Chairman of the Board of County Commissioners.

The petitioner accepted the appointment according to the terms set forth in the above letter and entered immediately upon his duties. He took no oath of office and did not sign any contract of employment.

The duties of the attorney are to furnish legal advice to the Board of County Commissioners, draw deeds and contracts, orders, resolutions, and defend the county in any action brought against it and to do its general legal work. He is expected to give advice to the Board upon all legal matters. He is also expected to attend all meetings of the Board of County Commissioners.

During the year 1923 the Board of County Commissioners held regular meetings twice a month and held many special meetings, so that the average number held during the year was approximately two per week. The petitioner attended all such meetings. During the year 1923 the county issued $3,000,000 in bonds and in addition expended $1,500,000, which was raised by general taxation. The petitioner had a large amount of work to do in connection with the

bond issue and in giving advice and doing the legal work connected with the laying out of many county roads. In addition he was forced to work evenings and Sundays in connection with the legal work of the county.

The Board of County Commissioners is the administrative head of Duval County under the governmental system of the State of Florida. The powers and duties of Commissioners of the several counties of the state are defined in sections 1475 to 1620 of the Revised Statutes of Florida. Section 1475 gives the Board of County Commissioners authority—

Third—To represent the county in the prosecution and defense of all legal causes.

*          *          *          *          *          *          *

Tenth—To issue bonds in their respective counties for the purpose of erecting a courthouse, jail, to build or construct roads and to fund the present outstanding indebtedness, and to prescribe the rate of interest thereon: Provided, That no bonds shall be issued except the same shall be ordered by a majority of the registered voters in the respective counties.

Prior to the year 1923 the petitioner had been actively engaged in the practice of law and during the year 1923 continued this practice. He maintained a separate law office but did not allow his private practice to interfere with his duties which he owed to the county. He was always at the beck and call of the County Commissioners. The legal matters were referred to him and he was instructed to draw legal papers for the use of the county. The Commissioners did not instruct him how he should perform his legal work. They had no special control over the hours he was employed or engaged in practice. He was carried on the pay roll of the County Commissioners and received his salary monthly.

#### OPINION.

SMITH: The question presented by this proceeding is whether the income received by the petitioner as compensation for legal services rendered the Board of County Commissioners of Duval County, Florida, during the year 1923, is exempt from taxation by the United States:

Section 1211 of the Revenue Act of 1926 provides:

Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.

No contention is made that the petitioner was an officer of Duval County and the record does not disclose that he was such an officer.

The statutes of the State of Florida do not provide for a county attorney in addition to the prosecuting attorney (which the petitioner was not), and he took no oath of office.

The only real question before us is whether the petitioner was an employee of the State of Florida or of a political subdivision thereof within the meaning of section 1211 of the Revenue Act of 1926.

A situation similar to the instant case was before the United States Supreme Court in the case of *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514. The question there was as to whether certain consulting engineers engaged to advise States and subdivisions with reference to water and sewerage projects not required to take any oath or forego other employment as officers or employees of the State or subdivision within the meaning of section 201(a) of the Revenue Act of 1917, which contains a provision for exemption from tax as follows:

This title shall apply to all trades or businesses of whatever description, whether continuously carried on or not, except—

(a) In the case of officers and employees under the United States, or any State, Territory, or the District of Columbia, or any local subdivision thereof, the compensation or fees received by them as such officers or employees.

The court held that in the circumstances of the case the petitioners were not officers of any State. The court then stated:

Nor do the facts stated in the bill of exceptions establish that the plaintiffs were "employees" within the meaning of the statute. So far as appears, they were in the position of independent contractors. The record does not reveal to what extent, if at all, their services were subject to the direction or control of the public boards or officers engaging them. In each instance the performance of their contract involved the use of judgment and discretion on their part and they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of action which excludes the idea that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor. *Chicago, Rock Island & Pacific Ry. Co.* v. *Bond*, 240 U. S. 449, 456, 36 S. Ct. 403, 60 L. Ed. 735; *Standard Oil Co.* v. *Anderson*, 212 U. S. 215, 227, 29 S. Ct. 252, 53 L. Ed. 480. And see *Casement* v. *Brown*, 148 U. S. 615, 13 S. Ct. 672, 37 L. Ed. 582; *Singer Mfg. Co.* v. *Rahn*, 132 U. S. 518, 523, 10 S. Ct. 175, 33 L. Ed. 440.

The facts in this case are substantially different from those which obtained in the case of *Metcalf & Eddy* v. *Mitchell*, *supra*. Here the petitioner was employed for a definite period at a definite monthly salary. He was required to attend all meetings of the Board of County Commissioners; to give legal advice concerning all routine matters coming before the Board; to attend to all legal matters in connection with bond issues; and in general to do the legal work of the Board. He was under the direction of the Board during the entire taxable period and practically all of his energies during the

year 1923 were devoted to the Board. We do not understand it to be the ruling of the Supreme Court that the relationship of employer and employee obtains only where the relationship of master and servant obtains and then only whenever the employer retains the right to direct the manner in which the business shall be done as well as the results to be accomplished, in other words, not only what shall be done, but how it shall be done. See *Vane* v. *Newcombe*, 132 U. S. 220. If this were so a physician who might be employed by a railroad company to devote his entire activities to the company could not be an employee of the company because clearly in such a case the employer would not expect to tell the physician how his work should be done. A skilled laborer is no less an employee because he uses his skill in the performance of his work. The term " employee " should not in our opinion be restricted only to menials. The petitioner was in our opinion an employee of the Board of County Commissioners of Duval County, Florida, during the year 1923, within the meaning of section 1211 of the Revenue Act of 1926. Cf. *Robert G. Gordon*, 5 B. T. A. 1047; *Emma B. Brunner, Executrix*, 5 B. T. A. 1135; *Fred H. Tibbetts*, 6 B. T. A. 827.

Reviewed by the Board.

> *Judgment will be entered for the petitioner on 15 days' notice, under Rule 50.*