B. F. MARTIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10617.    Promulgated May 31, 1928.

*B. F. Martin, Esq.*, pro se.
*W. F. Wattles, Esq.*, for the respondent.

268

OPINION.

PHILLIPS: The line of demarcation between an employee and an independent contractor is not precise. Several tests have been adopted from time to time by the courts, but as the Supreme Court had occasion to observe in *Standard Oil Co.* v. *Anderson*, 212 U. S. 215, these are only more or less useful in " determining whose is the work and whose is the power of control."

On the one hand we have the contractor who engages to accomplish a certain specified result, the employer having no control over the manner in which the work is done and being interested only in the accomplishment of the contract undertaken. Clearly here the relationship is that of an independent contractor. On the other hand we have the case of a person engaged to do such work as the employer may require and with full power to the employer to direct the manner in which the work shall be done. In *Weinman* v. *de Palma*, 232 U. S. 571, the court had before it a situation falling between the two extremes and presenting some of the aspects of each. The stock in trade of a tenant was injured by reason of the collapse of a wall

of the building which he rented. The landlord and adjoining land-owner were sued for the injury. The collapse of the wall was caused by the work of a contractor, who was working for the adjoining landowner, who had engaged the contractor to take down part of the party wall and erect a new one in its place. The contractor, while working under the direction of the adjoining landowner's superintendent, undermined part of the party wall, causing it to fall.

The court held that the landlord and adjoining landowner were liable for the damages resulting from the collapse of the wall, and held that the contractor was an employee. The court said:

> The evidence showed that he (the contractor) was required to follow the instructions of La Driere, who was Barnett's (the adjoining landowner's) agent and that La Driere was in fact in charge of the work. For this reason it was properly held that Grande was not an independent contractor.

In several decisions the Supreme Court has pointed out that if the one who is to do the work is free to proceed as he pleases, to direct his own efforts or the efforts of others to the accomplishment of the desired result, without interference from the employer so long as the work is properly performed, the relationship is that of an independent contractor; *Vane* v. *Newcombe*, 132 U. S. 220; *Louisville Railroad Co.* v. *Wilson*, 138 U. S. 501; *Casement* v. *Brown*, 148 U. S. 615; *Chicago Railway Co.* v. *Bond*, 240 U. S. 449; while the relationship is one of master and servant, or employer and employee, if the employer " retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or, in other words, not only what shall be done, but how it shall be done." *Railroad Co.* v. *Hanning*, 15 Wall. 649; *Singer Co.* v. *Rahn*, 132 U. S. 518; *Standard Oil Co.* v. *Anderson*, *supra*.

In *Singer Co.* v. *Rahn*, the facts were:

> Plaintiff was injured through the negligence of one Corbett in driving a horse and wagon against her, when she was crossing a street. Plaintiff alleged that Corbett was defendant's servant and engaged in its business. Defendant, in its answer denied this and alleged that Corbett was engaged in selling sewing machines on commission, and not otherwise, for the defendant. The evidence showed that Corbett was employed by defendant under a written contract to sell its sewing machines, to be paid for his services by commissions on sales and collections; the defendant furnishing a wagon, and he furnishing a horse and harness, to be used exclusively in canvassing for such sales and in the general prosecution of the business. He agreed to give his whole time and best energies to the business, and to employ himself under the direction of the company and under such rules and instructions as it or its manager should prescribe.

The Court held that Corbett was an employee of the defendant and in its opinion used the language quoted above.

*Metcalf and Eddy* v. *Mitchell*, 269 U. S. 514 (1925), was an action brought by consulting engineers against a collector to recover money paid under protest as income tax. Plaintiffs were professionally employed to advise States or subdivisions of States with reference to proposed water supply and sewage disposal systems. They contended that the fees obtained for these services were exempt from Federal taxation. In each case the service was rendered in connection with a particular project for water supply or sewage disposal, and the compensation was paid in some instances on an annual basis, in others on a monthly or daily basis, and in still others on the basis of a gross sum for the whole service.

In holding that the plaintiffs were independent contractors, the court said:

> The record does not reveal to what extent, if at all, their services were subject to the direction or control of the public boards or officers engaging them. In each instance the performance of their contract involved the use of judgment and discretion on their part and they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of action which excludes the idea of that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor. * *. *

Much the same thought is incorporated in Solicitor's Opinion 122, quoted in the notice of deficiency sent to the petitioner as follows:

> An employee is one whose duties consist in the rendition of prescribed services and not the accomplishment of specific objects, and whose services are continuous, not occasional or temporary.

In the instant case the uncontradicted testimony is that the petitioner was to perform his services under the supervision and control of the Attorney General. No specified task was undertaken: no certain result was to be accomplished. The attorney general had the power not only to direct what should be done but how it should be done. The employment was continuous and the duties no different from those of any other attorney employed in the office of the attorney general, except that they did not require all of the petitioner's time. The work which petitioner performed was, in fact, in charge of the attorney general, who could direct it as he pleased. It is our opinion that this petitioner was not serving the State as an independent contractor, but rather in the capacity of a servant or employee and that his income from the State was not subject to the Federal income tax.

Reviewed by the Board.

*Decision will be entered under Rule 50.*