## W. B. MATHEWS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10032. Promulgated October 18, 1928.

*Homer Hendricks, Esq.*, and *Robert N. Miller, Esq.*, for the petitioner.

*E. Meacham, Esq.*, for the respondent.

OPINION.

GREEN: The question here is whether the salary of $12,000 paid the petitioner by the Department of Public Service of the City of Los Angeles was exempt or taxable income. Section 1211 of the Revenue Act of 1926 provides:

SEC. 1211. Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.

The history of and reasons for the preceding section are set out and discussed in our opinion in the *Appeal of George W. Fuller*, 9 B. T. A. 708, and need not be repeated here. Suffice it to say that the statute is clear that if the compensation in question was " for personal services as an officer or employee of any State or political subdivision thereof," such compensation is exempt from Federal taxation. The services rendered by the petitioner were " personal " in their nature and were rendered to and for a " political subdivision " of the State of California. The greater portion of the respondent's brief has been devoted to the argument that the petitioner was not an " officer " of the Department of Public Service of the City of Los Angeles. The petitioner concedes that he was not an " officer " but contends that the facts show that he was, however, an " employee." The question thus narrows itself to whether the petitioner was or was not an " employee " of the city. The respondent contends he was an independent contractor.

In *B. F. Martin* v. *Commissioner*, 12 B. T. A. 267, in which case we reviewed many of the decisions bearing upon the question, we said:

The line of demarcation between an employee and an independent contractor is not precise. Several tests have been adopted from time to time by the Courts, but as the Supreme Court had occasion to observe in *Standard Oil Co.* v. *Anderson*, 212 U. S. 215, these are only more or less useful in " determining whose is the work and whose is the power of control."

In *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514; 46 Sup. Ct. 172, Metcalf and Eddy were in 1917 consulting engineers who, either

# 1140

individually or as copartners, were professionally employed to advise States or subdivisions of States with reference to proposed water-supply and sewage-disposal systems. In each case the service was rendered in connection with a particular project for water supply or sewage disposal, and the compensation was paid in some instances on an annual basis, in others on a monthly or daily basis, and in still others on the basis of a gross sum for the whole service. The fees received by them for these services were paid over to the partnership and became a part of its gross income, upon which an income tax was collected. The district court held that such compensation was not exempt from taxation, either by the provisions of the statute or under the Constitution. The Supreme Court, in affirming the decision of the district court, said in part:

> Nor do the facts stated in the bill of exceptions establish that the plaintiffs were "employees" within the meaning of the statute. So far as appears, they were in the position of independent contractors. The record does not reveal to what extent, if at all, their services were subject to the direction or control of the public boards or officers engaging them. In each instance the performance of their contract involved the use of judgment and discretion on their part and they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of action which excludes the idea that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor. *Chicago, Rock Island & Pacific Ry. Co.* v. *Bond*, 240 U. S. 449, 456, 36 S. Ct. 403, 60 L. Ed. 735; *Standard Oil Co.* v. *Anderson*, 212 U. S. 215, 227, 29 S. Ct. 252, 53 L. Ed. 480. And see *Casement* v. *Brown*, 148 U. S. 615, 13 S. Ct. 672, 37 L. Ed. 582; *Singer Mfg. Co.* v. *Rahn*, 132 U. S. 518, 523, 10 S. Ct. 175, 33 L. Ed. 440.

The facts in the instant case are substantially different from those in the *Metcalf & Eddy* case, *supra*. Here the services rendered by the petitioner for the Department of Public Service were at all times subject to the control of the Board of Public Commissioners and the City Attorney. The latter's name appeared on all the pleadings filed by the petitioner on behalf of the city and its subdivisions. The petitioner's employment was continuous and his compensation was on a definite monthly basis. He devoted practically no time to other matters. His office space, supplies and necessary help were all furnished him by the city. In *John E. Mathews* v. *Commissioner*, 8 B. T. A. 209, after quoting the above paragraph from *Metcalf & Eddy* v. *Mitchell*, *supra*, we said:

> We do not understand it to be the ruling of the Supreme Court that the relationship of employer and employee obtains only whenever the employer retains the right to direct the manner in which the business shall be done as well as the results to be accomplished, in other words, not only what shall be done, but how it shall be done. See *Vane* v. *Newcombe*, 132 U. S. 220. If this were so a physician who might be employed by a railroad company to devote his entire activities to the company could not be an employee of the company because clearly in such a case the employer would not expect to tell

the physician how his work should be done. A skilled laborer is no less an employee because he uses his skill in the performance of his work. The term "employee" should not in our opinion be restricted only to menials. The petitioner was in our opinion an employee of the Board of County Commissioners of Duval County, Florida, during the year 1923, within the meaning of section 1211 of the Revenue Act of 1926.

The facts in the instant case clearly point to the conclusion that the petitioner was in all respects an employee of a political subdivision of the State of California within the meaning of that term as used in section 1211 of the Revenue Act of 1926. It follows that the salary of $12,000 received by the petitioner for the calendar year 1923 is exempt from Federal income taxation, and that the deficiency determined by the respondent for that year should be disallowed. Cf. *Byers* v. *Commissioner*, 8 B. T. A. 1191; *Appeal of P. Frank Durkin*, 4 B. T. A. 743; and *Louisville, Evansville & St. Louis R. R. Co.* v. *Wilson*, 138 U. S. 501.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*