*Decision will be entered under Rule 50.*

F. M. Livezey, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 20440. Promulgated March 12, 1929.

*F. M. Livezey, Esq.*, pro se.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

MILLIKEN: Section 1211 of the Revenue Act of 1926 is as follows:

Any taxes imposed by the Revenue Act of 1924 or prior revenue acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any state or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.

The question of whether or not a taxpayer is a state official, or employee, or an independent contractor who rendered services for the State, has been before the courts and this Board in a number of cases. The compensation of a state official or employee is exempt from income taxation while that of the independent contractor is not. The difficulty in most cases is to distinguish a state employee from an independent contractor, and each case must depend largely upon its facts. The chief distinction is that the state official or employee is in the regular continuous service of the State, with varied duties and transactions, while the independent contractor is engaged to render a particular service in one or a number of specific

transactions and is free to determine what is to be done and the manner of performance. This distinction is pointed out in *Louisville, Evansville & St. Louis R. R. Co.* v. *Wilson*, 138 U. S. 501, as follows:

The terms "officers" and "employees" both, alike, refer to those in regular and continual service. Within the ordinary acceptation of the terms, one who is engaged to render service in a particular transaction is neither an officer nor an employee. They imply continuity of service, and exclude those employed for a special and single transaction. An attorney of an individual, retained for a single suit, is not his employee. It is true, he has engaged to render services; but his engagement is rather that of a contractor than that of an employee.

See also *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514; *Robert G. Gordon*, 5 B. T. A. 1047; *David A. Reed*, 13 B. T. A. 513; and *Geo. I. Haight*, 14 B. T. A. 844.

In this case the position of attorney or counsel for the Public Service Commission is provided for by statute, the petitioner was duly appointed thereto by the Governor, and he was paid a yearly compensation by the State. This service was continuous and his duties were miscellaneous, partly prescribed by statute, partly by the Governor, and partly by the commission. He was assisting in the performance of important governmental functions and we are of opinion that he was an employee of the State of West Virginia. The mere fact that he was also engaged in private practice does not change the character of his employment with the State.

In the recent case of *Blair* v. *Mathews*, 29 Fed. (2d) 892, on appeal from this Board, the facts were similar to those in the case at bar, Mathews, the taxpayer, became County Attorney of Duval County, Florida, under a contract between him and the county commissioners, whereby for a salary of $200 a month he agreed to attend to all legal matters for the county, attending meetings of the commissioners, giving advice on routine matters coming before the commissioners and defending or prosecuting lawsuits in which the county was interested. There were approximately two meetings a week, but taxpayer was always at the beck and call of the commissioners. During the taxable year taxpayer continued his private practice and maintained a separate private law office. The court, in holding the compensation received as county attorney exempt from income tax, affirmed this Board and said:

The Board of County Commissioners is a governing body for the county. Its powers and duties are defined by statute. Revised General Statutes of Florida, 1920, Section 1475 et seq. It is empowered to represent the county in the prosecution and defense of all legal causes, to issue bonds for the purpose of erecting a court house, a jail, or to build or construct roads, to alter, lay out, maintain, establish, vacate or discontinue any road or highway within the county, to apportion and order the levy of all county taxes, and to perform other duties and acts authorized by law. It is not open to question that in

acquiring the right to the taxpayer's services by the contract above mentioned the Board of County Commissioners exercised a power conferred on it for governmental purposes. If that contract had the effect of making the taxpayer an employee of the county or of the Board of County Commissioners, the following provision of the Revenue Act of 1926, (44 Stat. 95130), keeps his compensation for his services as such employee from being subject to the Federal income tax:

" Sec. 1211. Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any state or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded."

The contract bound the taxpayer for a period of two years to attend to all legal matters for the county. He was not engaged to accomplish any particular result in a way chosen by himself, but was obligated to render any legal service for the county to which at any time during the period mentioned he was assigned by the Board of County Commissioners. One whose services are so at the command of another for a definite time is an employee of the latter, though the services contracted are legal services of a lawyer, who is not forbidden to render professional services to others. *Seaboard Air Line Railway* v. *Continental Trust Co.*, 166 Fed. 597.

But, whether the taxpayer was or was not an employee of Duval County or its governing body, his compensation for services rendered under the contract was not subject to the Federal income tax if in rendering those services he acted as an agency or instrumentality through which the Board of County Commissioners exercised governmental powers conferred upon it. *McCulloch* v. *Maryland*, 4 Wheat. 316; *Gillespie* v. *Oklahoma*, 257 U. S. 501; *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514; *Panhandle Oil Co.* v. *State*, 297 U. S. 218. All of the services called for by the contract were with reference to matters as to which the Board of County Commissioners exercised purely governmental powers. The taxpayer's rendition of those services was a means whereby that Board exercised those powers. There is nothing to indicate that any legal service contracted for or which was rendered by the taxpayer under the contract was in a matter as to which the Board of County Commissioners acted otherwise than in the exercise of its powers or the performance of its duties as a governing body. We are of opinion that the agency created by the contract and exercised under it was so intimately connected with the performance of governmental functions by the Board of County Commissioners that Federal taxation of the taxpayer's compensation for those services would be an unauthorized interference with those functions.

This is in accord with our decisions in the cases of *John E. Mathews*, 8 B. T. A. 209; *W. B. Mathews*, 13 B. T. A. 1133, where the taxpayer was the attorney for the Aqueduct Commission of Los Angeles, Calif.; *Howard Webster Byers*, 8 B. T. A. 1191, where the taxpayer was the attorney and counsel for the Board of Waterworks of Des Moines, Iowa, and *B. F. Martin*, 12 B. T. A. 267, where the taxpayer was a special assistant to the Attorney General of Mississippi, with the special duty of rendering service relative to common

carrier rate cases before the courts and Interstate Commerce Commission in which the State was a party or interested.

The compensation of $5,000 received by petitioner during 1923 for services rendered the State of West Virginia, as attorney or counsel for the Public Service Commission of that State, is not subject to taxation for income-tax purposes.

*Judgment will be entered under Rule 50.*