RICHARD E. MCINTOSH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15199.  Promulgated July 24, 1929.

*Richard E. McIntosh, Esq.*, pro se.
*F. R. Shearer, Esq.*, for the respondent.

OPINION.

MARQUETTE: The only question involved herein is whether the petitioner was, during the year 1923, an employee of the State of Kansas. The respondent concedes that if he was an employee his salary was exempt from taxation. The respondent contends, however, that the petitioner was not an employee, but was an independent contractor.

In the case of *John E. Mathews*, 8 B. T. A. 209; affd. 29 Fed. (2d) 892, the facts were that on January 2, 1923, the petitioner, a practicing attorney of Jacksonville, Fla., was appointed county attorney for Duval County by the board of commissioners of that county for a term of two years at a salary of $200 per month. His duties were to furnish legal advice to the board of county commissioners, draw deeds and contracts, orders and resolutions, and defend the county in any action brought against it. The petitioner while serving as county attorney maintained a separate law office, but did not allow his private practice to interfere with the duties he owed the county. The commissioners did not instruct him how he should perform his legal work, and they had no special control over the hours he was employed or engaged in practice. In holding that the petitioner was an employee of the State of Florida, this Board said:

The only real question before us is whether the petitioner was an employee of the State of Florida or of a political subdivision thereof within the meaning of section 1211 of the Revenue Act of 1926.

A situation similar to the instant case was before the United States Supreme Court in the case of *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514. The question there was as to whether certain consulting engineers engaged to advise States and subdivisions with reference to water and sewerage projects not required to take any oath or forego other employment as officers or employees of the State or subdivision within the meaning of section 201 (a) of the Revenue Act of 1917, which contains a provision for exemption from tax as follows:

" This title shall apply to all trades or businesses of whatever description, whether continuously carried on or not, except—

" (a) In the case of officers and employees under the United States, or any State, Territory, or the District of Columbia, or any local subdivision thereof, the compensation or fees received by them as such officers or employees."

The court held that in the circumstances of the case the petitioners were not officers of any State. The court then stated:

" Nor do the facts stated in the bill of exceptions establish that the plaintiffs were ' employees ' within the meaning of the statute. So far as appears,

they were in the position of independent contractors. The record does not reveal to what extent, if at all, their services were subject to the direction or control of the public boards or officers engaging them. In each instance the performance of their contract involved the use of judgment and discretion on their part and they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of action which excludes the idea that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor. *Chicago, Rock Island & Pacific Ry. Co.* v. *Bond*, 240 U. S. 449, 456, 36 S. Ct. 403, 60 L. Ed. 735; *Standard Oil Co.* v. *Anderson*, 212 U. S. 215, 227, 29 S. Ct. 252, 53 L. Ed. 480. And see *Casement* v. *Brown*, 148 U. S. 615, 13 S. Ct. 672, 37 L. Ed. 582; *Singer Manufacturing Co.* v. *Rahn*, 132 U. S., 518, 523, 10 S. Ct. 175, 33 L. Ed. 440."

The facts in this case are substantially different from those which obtained in the case of *Metcalf & Eddy* v. *Mitchell, supra.* Here the petitioner was employed for a definite period at a definite monthly salary. He was required to attend all meetings of the Board of County Commissioners; to give legal advice concerning all routine matters coming before the Board; to attend to all legal matters in connection with bond issues; and in general to do the legal work of the Board. He was under the direction of the Board during the entire taxable period and practically all of his energies during the year 1923 were devoted to the Board. We do not understand it to be the ruling of the Supreme Court that the relationship of employer and employee obtains only where the relationship of master and servant obtains and then only whenever the employer retains the right to direct the manner in which the business shall be done as well as the results to be accomplished, in other words, not only what shall be done, but how it shall be done. See *Vane* v. *Newcombe*, 132 U. S. 220. If this were so, a physician who might be employed by a railroad company to devote his entire activities to the company could not be an employee of the company because clearly in such a case the employer would not expect to tell the physician how his work should be done. A skilled laborer is no less an employee because he uses his skill in the performance of his work. The term "employee" should not in our opinion be restricted only to menials. The petitioner was in our opinion an employee of the Board of County Commissioners of Duval County, Florida, during the year 1923, within the meaning of section 1211 of the Revenue Act of 1926. Cf. *Robert G. Gordon*, 5 B. T. A. 1047; *Emma B. Brunner, Executrix*, 5 B. T. A. 1135; *Fred H. Tibbetts*, 6 B. T. A. 827.

In *B. F. Martin*, 12 B. T. A. 267, the petitioner devoted the greater part of his time to special legal work for the State of Mississippi, and was paid a per diem rate for the time he actually devoted to that work. The work was performed pursuant to an oral agreement between the petitioner and the attorney general, who had supervision and direction of the work. The employment was terminable by either party at any time. We held that the petitioner was an employee of the State of Mississippi and that the compensation received by him from the State was exempt from taxation. In that case it was said:

*Metcalf and Eddy* v. *Mitchell*, 269 U. S. 514 (1925), was an action brought by consulting engineers against a collector to recover money paid under protest

as income tax. Plaintiffs were professionally employed to advise States or subdivisions of States with reference to. proposed water supply and sewage disposal systems. They contended that the fees obtained for these services were exempt from Federal taxation. In each case the service was rendered in connection with a particular project for water supply or sewage disposal, and the compensation was paid in some instances on an annual basis, in others on a monthly or daily basis, and in still others on the basis of a gross sum for the whole service.

In holding that the plaintiffs were independent contractors, the court said:

" The record does not reveal to what extent, if at all, their services were subject to the direction or control of the public boards or officers engaging them. In each instance the performance of their contract involved the use of judgment and discretion on their part and they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of áction which excludes the idea of that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor. * * *."

Much the same thought is incorporated in Solicitor's Opinion 122, quoted in the notice of deficiency sent to the petitioner as follows:

" An employee is one whose duties consist in the rendition of prescribed services and not the accomplishment of specific objects, and whose services are continuous, not occasional or temporary."

In the instant case the uncontradicted testimony is that the petitioner was to perform his services under the supervision and control of the Attorney General. No specified task was undertaken; no certain result was to be accomplished. The attorney general had the power not only to direct what should be done but how it should be done. The employment was continuous and the duties no different from those of any other attorney employed in the office of the attorney general except that they did not require all of the petitioner's time. The work which petitioner performed was, in fact, in charge of the attorney general, who could direct it as he pleased. It is our opinion that this petitioner was not serving the State as an independent contractor, but rather in the capacity of a servant or employee and that his income from the State was not subject to the Federal income tax.

And to the same effect are *P. Frank Durkin*, 4 B. T. A. 743; *H. W. Byers*, 8 B. T. A. 1191; and *W. J. Howard* v. *Commissioner of Internal Revenue*, 29 Fed. (2d) 895.

The respondent cites a number of cases in support of his contention that the petitioner was not an employee of the State of Kansas. These cases, however, are essentially different in their facts from the instant proceeding, and we do not consider them in point.

We are of the opinion that the facts in this case, which need not be restated here, bring it squarely within the scope of the decisions in *John E. Mathews; B. F. Martin; H. W. Byers;* and *W. J. Howard, supra*, and that the petitioner was, during the year 1923, an employee of the State of Kansas, and that the compensation received by him from that State is exempt from the Federal income tax.

*Judgment will be entered under Rule 50.*