**FRED HARVEY, Inc., v. CROOKS, Collector of Internal Revenue.**

No. 9169.

Circuit Court of Appeals, Eighth Circuit.

Dec. 4, 1931.

Rehearing Denied Jan. 15, 1932.

L. L. Hamby, of Washington, D. C. (Phil D. Morelock and Shouse, Doolittle, Morelock & Shrader, all of Kansas City, Mo., on the brief), for appellant.

Lyndon H. Baylies, Atty., Bureau of Internal Revenue, of Washington, D. C. (William L. Vandeventer, U. S. Atty., and Harry L. Thomas, Asst. U. S. Atty., both of Kansas City, Mo., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SANBORN, District Judge.

SANBORN, District Judge.

The appellant as a part of its business manufactured soda pop. From February 25, 1919, to December 31, 1921, it sold 113,-815 cases of 24 bottles each of this beverage, through news agents operating on the Santa Fé Railroad. The news agents were employed by the appellant, were under its supervision, and were subject to discharge by it. They rode upon the trains of the Santa Fé under the terms of a contract which considered that they were employees of the appellant. They were paid no salary or wages, but received their compensation by way of commissions upon the sale of goods, all of which they received from the appellant. In general, they were required to account for 80 per cent. of the selling price of these goods after they were sold. As to soda pop, when a news agent received a case he was charged with $2 as its value, on a form provided for that purpose. The retail price at which he sold the pop on trains was $2.40 a case, or 10 cents a bottle. He returned the empty containers to the appellant, and returned unsold pop, and was not charged for breakage occurring without his fault. For each case of pop sold, he was required to pay $1.60 in cash, and to sign a commission receipt for 40 cents, which resulted in giving him a credit equal to the $2 charge entered against him when he first received the case from the appellant. The net result was that he received from the sale of a case of pop the difference between $2.40, the price he obtained for it, and $1.60, which he paid to the appellant, or a total of 80 cents, which was equivalent to a 33⅓ per cent. commission on the selling price. No record was made by the appellant of the retail sales made by the agents. The agents wore the insignia of the Santa Fé Railroad. Soda pop was the only commodity furnished by the appellant which the agents were permitted to sell for an amount in excess of the amount charged against them as its value, and the privilege of selling pop on that basis was held out as an inducement to enter the appellant's service.

Revenue Act 1918, § 628 (40 Stat. 1057, 1116), required a manufacturer of pop to pay a tax equivalent to 10 per cent. of the price for which it was sold. For the years 1919 to 1921, both inclusive, the appellant in its return stated the price to be 70 cents a case, the amount it charged to its own general distributing agencies. For that portion of the pop sold by the news agents, the Commissioner fixed the sales price to be used in computing the tax, at $2.40 a case. The appellant paid the tax as determined by the Commissioner, and applied for a refund, apparently on the basis that its original return was correct, although the claim for refund is not a part of the record in this case. Upon the denial of its claim for refund, it brought this action to recover $11,135.92, the amount which it asserts represents the difference between what it should have paid on the basis of a selling price for the pop of $1.60 a case and what it was required to pay on the basis of the selling price of $2.40 a case.

Upon the trial, a jury was waived, and at the close of the appellant's evidence, a demurrer to the evidence was interposed by the appellee. The court took the matter under advisement, and thereafter filed a memorandum opinion sustaining the contention of the appellee that the selling price of the pop was $2.40, and stating: "The evidence of the plaintiff was insufficient to show a right of recovery. Accordingly, judgment will be entered for the defendant." A judgment was thereupon entered that the plaintiff take nothing, and that the defendant have his costs. The plaintiff made a motion to vacate the judgment on the ground that the evidence did not sustain it. In its motion it asserted that the court erred in sustaining the demurrer to the evidence, and asked for an exception. The court denied the motion, but did not expressly allow an exception.

During the trial, a contract of workmen's compensation insurance, issued to the appellant, covering its news agents, had been received in evidence.

The appellant challenges the sufficiency of the evidence to sustain the order for judgment and the judgment, and the admissibility in evidence of the policy of insurance.

The appellee contends that there is no question which this court may review because the question of the sufficiency of the evidence was not saved by a motion for judgment at the close of the testimony on the sole ground that the evidence would support no other conclusion, and because the question of the competency of the evidence complained of is not presented by a proper assignment of error, and the cause of action is at variance with the claim for refund.

We think that we may properly consider the sufficiency of the evidence, since the case went off on a demurrer to the evidence, without any general or special findings, and the appellant clearly challenged the sufficiency of the evidence to sustain the order for judgment and judgment in its motion to vacate, and therein requested an exception. The action taken clearly advised the trial court that it was the claim of the appellant that the evidence required the overruling of the demurrer.

In the case of Commonwealth Casualty Co. v. Aichner, 18 F.(2d) 879, this court held that where, one week after the entry of judgment for the plaintiff, but during the same term, the defendant moved for findings and judgment in its favor, which motion was denied and exception allowed, this court might review the ruling thereon, since the court then might have modified its judgment.

■ The assignment of error with reference to the admission of the policy of insurance in evidence is clearly insufficient, but the matter is of no importance since that evidence did have a bearing on the question of the attitude and relation of the appellant to its news agents.

■ With respect to the claimed variance between the cause of action and the claim for refund, that question is not properly presented, since the claim for refund is not in the record, and, furthermore, there is nothing to show that, if such variance ex-isted, the point was ever raised prior to the close of the appellant's testimony. See Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253.

■ We agree with the trial court that the evidence clearly indicates that the appellant sold its pop for $2.40 a case through its news agents; that they were not themselves purchasers of the pop at either $1.60 a case or $2 a case, as claimed by it, but were merely intrusted with the pop to be sold at $2.40 a case, and that the difference between what the agent received for it and what he was required to account for was nothing more than compensation for his services in selling the pop for the appellant. The situation would have been no different had the agent been required to return all unsold pop and to pay $2.40 a case for pop sold, and had then been paid by the appellant a commission of 33⅓ per cent.

■ There is nothing in the evidence, we think, which would justify a conclusion that it was the intention of the appellant and its news agents that the title to the soda pop should pass to the agents when it was delivered to them, and that, upon their re-delivery of unsold pop to the appellant, the title thereto was to revest in it. It is obvious that, since the appellant employed the agents, directed and controlled the manner in which they performed their work, and could terminate their employment, they were its servants. Singer Manufacturing Co. v. Rahn, 132 U. S. 518, 10 S. Ct. 175, 33 L. Ed. 440; Philadelphia & R. Coal & Iron Co. v. Barrie (C. C. A.) 179 F. 50; Yelloway, Inc. v. Hawkins (C. C. A.) 38 F.(2d) 731. Since they were its servants, the goods intrusted to them by it for sale would remain its goods until sold or accounted for, in the absence of any agreement to the contrary. The fact that the purchasers of pop from the agents did not know them to be agents of the appellant is of no consequence, nor would the bookkeeping methods employed by the appellant with respect to soda pop sold through news agents change the practical effect of its relations with them or create a sale where none was intended.

The judgment is affirmed.