*Decision will be entered under Rule 50.*

JOHN ARMISTEAD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98816. Promulgated November 29, 1940.

*J. C. Murphy, Esq.,* for the petitioner.
*F. L. Van Haaften, Esq.,* for the respondent.

1432

## OPINION.

TYSON: The petitioner contends that his income here in controversy is exempt from tax under the provisions of the Public Salary Tax Act of 1939[1] on the theory that his contracts with the State of

---

[1] SEC. 201. Any amount of income tax (including interest, additions to tax, and additional amounts) for any taxable year beginning prior to January 1, 1938, to the extent attributable to compensation for personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing;

(a) shall not be assessed, and no proceeding in court for the collection thereof shall be begun or prosecuted (unless pursuant to an assessment made prior to January 1, 1939):

*     *     *     *     *     *     *

Georgia, the county of Fulton, and the city of Atlanta either (1) constituted him an officer of the state and of each of its named political subdivisions, or (2) under those contracts he became an employee, as distinguished from an independent contractor, of that state and of each of such subdivisions; and that in either of such events the income here involved would be free from tax.

The first question for consideration is whether the petitioner was an officer of the State of Georgia, the county of Fulton, and the city of Atlanta, or any of them.

There has been no statute or ordinance cited as operative during the taxable years, and we know of none, creating an office prescribing the duties or fixing the compensation for services of the character of those undertaken to be performed, and performed, by petitioner for either of the above mentioned state, county, or city. Petitioner in each case took no oath of office and made no bond for the faithful performance of his services. The period of his employment in each case was not definite and fixed, but was terminable at the will of his employer. His compensation in each case was on a commission and not on a fixed salary basis, the commissions being dependent entirely upon the results of work he performed as finally translated into taxes collected by the state and its subdivisions. His services were not continuously rendered for either the state, county, or city, alone, since, being employed by all three and rendering services to all three during the taxable years, his entire time was not devoted to the performance of services for any one exclusively, and neither the state, county, nor city contract prohibited petitioner from accepting other employment. Under these facts we think it unnecessary to discuss authorities in deciding, as we do, that petitioner was not during the taxable years an officer of the State of Georgia, the county of Fulton, or the city of Atlanta. The following authorities are pertinent in support of our conclusion: *J. F. Roberts*, 13 B. T. A. 438; affirmed *per curiam*, *Roberts* v. *Commissioner*, 44 Fed. (2d) 168; *Ewart* v. *Commissioner*, 98 Fed. (2d) 649, affirming *Howard Ewart*, 35 B. T. A. 692; *Commissioner* v. *Emerson*, 98 Fed. (2d) 650, reversing *Sigurd A. Emerson*, 35 B. T. A. 901; certiorari denied, 305 U. S. 642; *J. E. Huckabay*, 40 B. T. A. 9; and *John T. Rowland*, 40 B. T. A. 11 (on appeal to Third Circuit).

The next question for consideration is whether the petitioner was an employee, as distinguished from an independent contractor, of the above mentioned state, county, and city, or any one of them. He was engaged for an indefinite time to perform the special services of collecting and furnishing the taxing authorities with data and information relative to property which had been escaping taxation.

He did not devote all his time to services rendered separately to the state, the county, or the city, nor was he required to do so. He used his own methods and judgment in achieving the desired results, except that "from time to time", but not generally, the board of tax assessors and receivers of the city of Atlanta directed him in regard to making investigations for them. He paid his own office rent and his office employees, as well as all other expenses connected with the performance of his services for the state, the county, and the city.

From all these facts and the whole record, it is our opinion, and we so hold, that petitioner was not an employee of the State of Georgia, or Fulton County, or the city of Atlanta, but that the relation sustained by him during the taxable years with that state and those subdivisions of the state was that of an independent contractor. *Roberts* v. *Commissioner, supra; Harry D. Kremer*, 31 B. T. A. 566; *J. E. Huckabay, supra;* and *John T. Rowland, supra*, and cases cited therein.

We do not think that the soundness of this conclusion is adversely affected with respect to Fulton County and the city of Atlanta because of the provision in petitioner's contract with Fulton County to the effect that he was to work under the direction of the board of tax assessors of that county, or because of the provision in petitioner's contract with the city of Atlanta to the effect that petitioner's "approach or contact with tax payers [was] to be only with the consent and direction of the Tax Assessors" of that city. The degree of control retained by the city of Atlanta and the county of Fulton, over the rendition of services by petitioner, in these provisions of the respective contracts, i. e., whether the right to instruct petitioner was limited to instructing him what to do, only, or extended also to instructing him how to do it, is not clearly indicated; and it can not be determined from these provisions that such a right of control over the rendition of services by petitioner was retained by the city of Atlanta and Fulton County, or either of them, as was inconsistent with the relationship of petitioner as an independent contractor. Cf. *Kreipke* v. *Commissioner*, 32 Fed. (2d) 594; *Harry D. Kremer, supra;* and *Mesce* v. *United States*, 64 Ct. Cls. 481; certiorari denied, 276 U. S. 612. A reasonable construction of these ambiguous provisions in the two contracts would seem to be that it was not intended thereby that petitioner was to be instructed by either the county or city as to the way he should "ferret out" or "seek out" property escaping taxation, since use of their own methods had failed to discover such property, and they apparently employed petitioner for the primary purpose of effectuating the desired end through use by the petitioner of his own methods of doing the work,

thus placing the petitioner in the role of an independent contractor rather than in that of an employee. *Railroad Co.* v. *Hanning*, 15 Wall. 649, 657; *Singer Manufacturing Co.* v. *Rahn*, 132 U. S. 518; *Casement* v. *Brown*, 148 U. S. 615; and *Chicago, Rock Island & Pacific Railway Co.* v. *Bond*, 240 U. S. 449.

Moreover, the apparent construction placed by the parties upon the provisions of the two contracts in performing the contracts shows clearly that over the services actually rendered by petitioner for the city of Atlanta and Fulton County, for which petitioner received part of the compensation here involved, no control by the county was exercised and but little, if any, by the city, since petitioner was always permitted to, and did, use his own methods in rendering his services to the city and county, with possibly a few exceptions as to the city, "from time to time"; and whether or not he discovered any taxable property was dependent upon his own ingenuity.

We hold that the respondent did not err in determining that the commissions here involved are to be included in petitioner's income for the taxable years 1934, 1935, and 1936. We further hold that petitioner, having failed to file a return as required by law for each of the years 1934, 1935, and 1936, is further liable for a 25 percent penalty on the deficiencies for those respective years as redetermined pursuant to this opinion.

*Decision will be entered under Rule 50.*